IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

MAY 21 1985

CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA.
DEPUTY CLERK BY

JOHNNY REYNOLDS, individually §
on behalf of himself, and as
representative of a class § 
of black employees of the
Highway Department, State §
of Alabama, similarly
situated, §

    Plaintiff, §

vs. §   CASE NO. 85-T-665-N

RAY BASS, individually and §
as Director, Highway Department,
State of Alabama; §
HIGHWAY DEPARTMENT, STATE
OF ALABAMA; §
HALYCON BALLARD, individually
and as Director of Personnel §
Department, State of
Alabama; §
DEPARTMENT OF PERSONNEL,
STATE OF ALABAMA; §
HENRY STEAGALL, as Director
of Finance Department, §
State of Alabama;
GEORGE C. WALLACE, individually §
and as Governor, State of
Alabama, §

    Defendants. §

COMPLAINT

A.   JURISDICTION

    1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 (3) and (4). This action is authorized by Title 42 U.S.C. §§1981 and 1983, seeking a permanent injunction to restrain the defendants, their servants, agents, employees, successors and anyone acting in concert and participation with them from depriving plaintiffs, under color of state law, statute, ordinance,

regulation, custom or usage, of rights, privileges, and immunities secured by the Constitution and Statutes of the United States.

2. Jurisdiction of this Court is also invoked pursuant to the provisions of Title 28 U.S.C., §1331. This action seeks to redress the deprivation of rights secured under the Fourteenth Amendment to the Constitution of the United States. The amount in controversy exceeds the sum or value of Ten Thousand ($10,000.00) Dollars exclusive of interest and cost.

B. **PARTIES**

3. The named plaintiff is a black citizen of the United States and of the State of Alabama and is over the age of nineteen years. Plaintiff resides in Montgomery County, Alabama.

4. The defendant Ray Bass is the Director of the Highway Department, State of Alabama. He is named individually and in his official capacity as Director of that Department.

5. The defendant Highway Department, State of Alabama, is the employer of the plaintiff and the class of people he seeks to represent.

6. The defendant Halycon Vance Ballard is Director of the Personnel Department, State of Alabama. She is named individually and in her official capacity.

7. The defendant Department of Personnel, State of Alabama, serves as the hiring center for employees of the State of Alabama.

8. The defendant Henry Steagall is the Finance Director, State of Alabama. He is named individually and in his official capacity as Finance Director.

9. The defendant George C. Wallace is Governor of the

State of Alabama. He is named individually and in his capacity as governor, State of Alabama.

10. On April 15, 1985, plaintiff prepared and mailed to the Equal Employment Opportunity Commission (EEOC) in Birmingham, Alabama a copy of a complaint alleging race discrimination on the part of his employer, namely the Highway Department, State of Alabama, and its director Ray Bass. Said complaint has been received by the EEOC. As soon as the statutory time period has run, so that jurisdiction may be perfected, plaintiff will move this Court for leave to amend said race discrimination complaint under Title VII into this Complaint.

C. NATURE OF ACTION

11. This action is brought by plaintiff as a class action, on his own behalf and on the behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure, for injunctive and declaratory relief and relief incident and subordinate thereto, as well as back pay, including costs and attorneys fees.

12. The classes so represented by plaintiffs in this action, and of which plaintiffs are of themselves members, consist of (1) all black employees of the Highway Department, the State of Alabama and (2) all black applicants and prospective applicants for employment with the Highway Department, the State of Alabama.

13. The exact numbers of the individual classes, as hereinabove identified and described, are not known, but the classes are so numerous that joinder of individual members herein is impracticable.

14. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class, namely,

(a) all black employees of the Highway Department, State of Alabama who have sought job promotions but have been denied such promotions because of discriminatory practices within the labor force; and whether

(b) all black employees of the Highway Department, State of Alabama who have been disproportionately placed in certain classifications during their employment with large numbers of black employees being concentrated in less desirable jobs, and where those black employees have not been allowed to advance their salaries and positions at the rate to which white employees have been so allowed; and whether

(c) the Highway Department, State of Alabama, pursuant to the reclassification which occurred approximately two years ago, disproportionately placed black employees in lower-paid classifications during said reclassification with large numbers of black employees currently concentrated in the lower-paying jobs, and whether those employees have not been allowed to advance their salaries and positions at the rate to which white employees who were classified in higher professional and managerial positions have been so allowed; and whether

(d) black applicants for employment with the Highway Department, State of Alabama have been denied said employment because of their race; and whether

(e) the Highway Department, State of Alabama has engaged in any pattern or practice of discrimination against any employee

or applicant for employment in violation of this Court's previous orders which enjoined the "State of Alabama from engaging in any employment practice. . . which has the purpose or the effect of discriminating against any employee or actual or potential applicant for employment on the basis of race." (U.S. v. Frazier, date of order August 20, 1976).

15. The named plaintiffs are the representative parties of the classes, and are able to, and will, fairly and adequately protect the interests of the classes.

16. This action is properly maintained as a class action inasmuch as the questions of law and fact, to the members of the classes, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

D. FACTUAL ALLEGATIONS

17. On or about the 7th day of December, 1983, plaintiff Reynolds was hired by the Highway Department, State of Alabama as an Engineering Assistant I.[1] On or about October 1, 1981, the State of Alabama implemented a reorganization and reclassification of all employees of the State of Alabama. The reorganization plan has been in effect for more than two years. The implementation of this reorganization plan has had the effect of discriminating against the black employees and has had a disparate impact on black employees of the State of Alabama.

---

[1] Plaintiff has previously worked for the Highway Department, State of Alabama, from September, 1977 until April 23, 1979 as an Engineering Assistant I.

18. The response of the defendant Highway Department, State of Alabama and defendant Ray Bass to the implementation described in paragraph 17 above has been to appoint and/or hire a number of black employees to lower level and non-technical positions in the Highway Department, State of Alabama. There are in fact no black managerial level employees in the Highway Department, State of Alabama, (hereinafter "Highway Department").

19. Plaintiff avers that he and other black employees who are members of the class he seeks to represent have applied for promotions and positions with the defendant Highway Department but have been denied the same due to their black race. Said positions and promotions have instead been offered to Caucasian applicants.

20. Plaintiff avers that the promotion and selection policies and practices of the Highway Department are not validated, are not related to bona fide occupational qualifications, and have had an adverse or detrimental impact on plaintiff and members of his class by preventing them from receiving promotions and positions for which they are qualified.

21. Plaintiff avers that he is an example of the discriminatory effect of the above policies and procedures in that caucasian employees and applicants with equal or less education, training, experience, and other qualifications have received promotions and positions denied the plaintiff, hold higher classifications than plaintiff holds, have received higher pay than plaintiff receives, and are allowed overtime opportunities and pay denied the plaintiff.

22. Plaintiff avers that black employees of the defendant Highway Department make up a disproportionate portion of employees

providing general services and labor, as opposed to technical services and management. Plaintiff further avers that said black employees make up a disproportionate portion of employees currently in probationary status and further make up a disproportionate portion of employees who are denied elevation from probationary status to permanent status.

23. Plaintiff avers that the defendant Highway Department recently posted and advertised positions in a newly created computer division. Plaintiff avers that he is well-qualified for those positions and has submitted repeated applications, all of which have been denied or have been ignored. Thus far, avers plaintiff, approximately 14 positions have been filled in the new computer division and all have been filled by Caucasians.

24. Plaintiff avers that the defendant Highway Department has failed to carry out its affirmative obligations under federal law and regulations, as well as its statutory non-discrimination requirements inasmuch as black employees of the defendant Highway Department are almost entirely concentrated in low level, non-management position.

25. Plaintiff avers that defendants Highway Department and Bass have intentionally engaged in the discriminatory practice of prohibiting and refusing to allow plaintiff and other members of his class the opportunity to gain supervisory experience while at the same time allowing white employees with the same or fewer qualifications and experience to gain such supervisory experience including allowing a less qualified employee to be promoted and act as supervisor over plaintiff.

26. Plaintiff hereby incorporates the above allegations and further avers that the defendant Highway Department and defendant Bass have engaged in racially discriminatory employment practices which have had a disparate impact on plaintiffs and the class of individuals which they represent.

27. Plaintiff avers that the defendants Wallace, Steagall, and Ballard are in exceedingly key positions in state government as governor, finance director, and personnel director, respectively, and, as such, that defendants had a responsibility to know about the racially discriminatory practices being perpetrated by the defendants Highway Department and Bass. Plaintiffs further aver that said defendants knew or should have known of said practices and should have stopped the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray:

1. That this Court set a prompt hearing on Plaintiffs' Complaint for mandatory injunctive relief and that after that hearing, enter an order enjoining Defendants from proceeding further under the reorganization and reclassification plan until they have eliminated the discriminatory effects of said reclassification.

2. Declaring that the actions of the Defendants in failing and refusing to hire and promote Plaintiff and class members represents solely by reason of their race or color, deprived plaintiff and his class members of their rights guaranteed under the Fourteenth Amendment to the Constitution of the United States, to Title 42 U.S.C. §§ 1981 and 1983 and to Title VII of the 1964 Civil Rights

Act.

3. That this Court enjoin defendants from further use of testing evaluation and ranking procedures for employment applicants of the Highway Department, State of Alabama, until they have eliminated the discriminatory effects of these procedures.

4. Enjoining the defendants from hiring and appointing disproportionate numbers of black applicants and employees to low-paying, general service and menial employment positions, and to hire, promote and appoint black employees to professional, supervisory and managerial positions within each department.

5. Issuing an order requiring defendant to pay plaintiffs their costs in this action, including a reasonable attorney fee.

6. Issuing such other further relief to which plaintiffs may show themselves to be justly entitled, or which the Court may consider appropriate.

Respectfully submitted,

JOHNNY REYNOLDS,
Plaintiff,

OF COUNSEL:

McPHILLIPS, DeBARDELABEN
& HAWTHORNE,
P.O. Box 64
Montgomery, Alabama 36101
262-1911

_____
Julian McPhillips

and

MOORE, KENDRICK, GLASSROTH,
HARRIS, BUSH & WHITE
P.O. Box 910
Montgomery, Alabama 36102
264-9900

_____
Rick Harris

_____
JOHNNY REYNOLDS

Before me, the undersigned Notary Public, appeared Johnny Reynolds, known to me, who, after being duly sworn, did state that the foregoing allegations of the Complaint are true and correct in every particular, on this the 21st day of May, 1985.

_____
NOTARY PUBLIC