IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, et al., )
                         )
         Plaintiffs,     )
                         )
v.                       )     CV 85 T 665 N
                         )
ALABAMA DEPARTMENT OF    )
TRANSPORTATION, et al.,  )
                         )
         Defendants.     )

**NOTICE OF FILING**

Defendants submit herewith the Supplemental Report of David B. Lasater.

THOMAS R. ELLIOTT, JR.
LISA W. BORDEN

Attorneys for Defendants

OF COUNSEL:

LONDON & YANCEY, L.L.C.
1000 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 251-2531

**Certificate of Service**

I certify that the foregoing Notice of Filing has been served upon all counsel of record by fax and U.S. Mail this 17th day of October, 1997.

Attorney for Defendants

2179

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY REYNOLDS, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CV 85 T 665 N |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, et al., ) | |
| ) | |
| Defendants ) | |
| ) | |

## SUPPLEMENTAL REPORT OF DAVID B. LASATER

1. I have previously given expert testimony in this case. The nature of that testimony was economic and statistical with regard to (a) comparative levels of pay to black and white employees, and (b) backpay calculations to black employees.

2. I have been asked by London & Yancey to evaluate the proposal contained in the affidavit of Dr. Edwin L. Bradley ("the Bradley Proposal") for injunctive relief in this case. I understand that the issue before the Court is what job, if any, a class member would be entitled to be awarded within the Alabama Department of Transportation ("ALDOT"). Further, I understand that the Court's conclusion on a method determining fair positioning will be applied to the sub-class of plaintiffs (Group 3) who did not testify at trial in this case.

3. In summary, the Bradley Proposal is fatally flawed in at least eleven ways. First, the Bradley Proposal is flawed with respect to the misapplication of the backpay formula to a job classification prediction. The principal flaw is that there is not a one-to-one relationship between an individual's characteristics as minimally captured in the backpay formula's two independent, predictor variables (Years of service, Log (formal education code)) and his or her job classification.

1

For example, the Bradley Proposal does not indicate the results of any tests or any other support for an assertion that there is a one-to-one relationship (or any relationship, for that matter) between, for example, seven years of service and two years of college, and, correspondingly, a person's attainment with certainty in 1990 of the position of Engineering Assistant II in Division 3.

4. Second, the backpay formula, itself, carries flaws in prediction accuracy. The original backpay formula does not completely describe the pay of an ALDOT employee. In fact, in some instances, the error with respect to explanatory power of the two characteristics used to explain and then predict pay is substantial. The formula's two independent variables capture in some cases as little as 50% of the causal influence on pay in ALDOT. The Bradley Proposal fails to offer any compelling basis for carrying the flawed backpay formula into another, completely different, decision environment.

5. Third, even if the flaws in the backpay formula did not exist, there is not a one-to-one relationship between an employee's pay and that employee's classification. In some lines of progression, a particular pay amount can span at least three classifications. The Bradley Proposal has not offered a credible approach to select that discrete classification among the probable classifications, given a pay amount. In fact, Dr. Bradley testified that he would assign to a member of the plaintiff class the highest possible classification which corresponds to expected pay. Dr. Bradley offered no statistical or economic support for his assertion that the highest classification is the one which would have been attained by the specific plaintiff, but for the alleged discrimination.

6. Fourth, the regression model at the center of the backpay formula requires a dependent variable that is characterized by continuous measures or values. Measurements in dollars, for instance, satisfy the continuity requirement because dollars are divisible by cents, and there is a continuous series of 100 cents between one dollar and its contiguous two others in any unit series of dollars. That is, between the unit pair $99 and $100, there are intermediate measures $99.00, $99.01, $99.02, . . . , $100. Or, between the unit pair $1,000 and $2,000, there are intermediate measures $1,000, $1,001, $1,002, . . . , $2,000.

On the other hand, it is well known in statistics that ordered categories (e.g., Engineering Assistant I, II, and III) or discrete choice measurements (e.g., 1 = promoted, 0 = not promoted) should not be used as dependent variables in regressions without modifications to the regressions. That is, there are no such intermediate categories as Engineering Assistant I.01, I.02, . . . , I.99, or .01 promoted, .02 promoted, . . . , .99 promoted.

2

Further, it is impossible to interpret the amount of change on the categorical variable Engineering Assistant II, from a one-year change in the predictor variable, Years of Service, since there is no such thing as Engineering Assistant I.9, or Engineering Assistant II.1.

Modifications to the regressions on categorical dependent variables usually require, at a minimum, (a) mathematical transformations of the proposed categorical dependent variable and (b) a different estimation technique than ordinary least squares. Such different techniques would result in different coefficient values on the individual characteristics used in the backpay formula in the <u>Reynolds</u> case. The Bradley Proposal is fatally flawed on this point.

7. Fifth, the Bradley Proposal is flawed in its failure to recognize that there are likely structural changes in the economic process that produces vacancies at ALDOT or within subdivisions of it -- structural changes which are not captured in any specific way by the backpay formula. On the demand side, changes in workflow (e.g., completion of Interstate Highway System) affect the number and location of demand for employees at specific locations around the State of Alabama. Further, hiring freezes imposed by the State have the potential of affecting the timing of promotions. These factors cause generalizations about promotions across the class period and across ALDOT's geographical Divisions to be inevitably and importantly inaccurate.

8. Sixth, the Bradley Proposal fails to specifically inquire as to whether an applicant would have a geographical preference or constraint with respect to his or her application for promotion.

9. Seventh, the Bradley Proposal does not take into consideration whether an applicant or pro-forma applicant possessed the specific qualifications to satisfy a vacancy. Years of service and Log (education) are an inadequate sub-set of qualifications to describe an employee's relative competence to fill a particular vacancy.

10. Eighth, the Bradley Proposal is flawed in that it does not offer a method of resolving on a "but for" basis, the alternative, sequential paths a person may take within ALDOT's lines of progression.

11. Ninth, the Bradley Proposal is flawed in its failure to expand the set of independent variables (or individual characteristics) to make comparable the qualifications of existing employees within ALDOT with those outside ALDOT. Such considerations are not contemplated by the simple, two-variable backpay formula.

12. Tenth, the Bradley Proposal assumes that a qualified applicant will have gotten a series of promotions with certainty and attained a specific current classification with

certainty. Said another way, the Bradley Proposal assumes that the same number of vacancies were available throughout the class period as there were qualified applicants to fill these vacancies. Such an assumption is without foundation.

13. Eleventh, the Bradley Proposal is fatally flawed in its failure to offer a method by which to determine whether discrimination is statistically evident in a specific Division and line of progression in a specific year.

14. After considering the necessary number of dimensions or conditions that would be required for matching class members with comparators, after considering the relatively small number of annual promotions available as data points within the relevant subdivisions of ALDOT, and after considering the chronological length of the class period with its attendant changes in economic conditions, it is my opinion that no single mathematical formula can be generated for reliable and practical use in resolving the issue before the Court, as I understand it.

Respectfully submitted

David B. Lasater

October 16, 1997