IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

      Plaintiffs,

v.

                                      CIVIL ACTION NUMBER:
                                        CV-85-T-665-N
                                  **Special Master González**
                                          (WO)

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

      Defendants.

# ORDER

      This Order memorializes the decision of the Special Master regarding whether the

State Personnel Department ("SPD") is entitled to expert witness fees for the expert

testimony of one of its employees, Dr. Maury Buster.  Dr. Buster is an I/O Psychologist

and the manager of the SPD's Transportation Team.  He has been identified as an expert

and fact witness for the Defendants with regard to their Article VIII compliance motion.

After hearing argument on the record from counsel the Special Master has concluded

that in this instance, Dr. Buster shall give his expert testimony without the expert

witness' fees allowed by Federal Rule of Civil Procedure 26(b)(4)(C).

      Ordinarily, expert witnesses are entitled to reasonable compensation for their

testimony.  In this case, however, several facts exist that make the payment of expert

witness fees inappropriate.[1]  First, Dr. Buster describes his duties at the SPD as managing the 13 member Transportation Team responsible for implementing the Reynolds Consent Decree.   In this capacity he also works with the outside experts used by the Defendants in this dispute.  See Dr. Buster's CV attached to his May 19, 2005, Expert Report, and the Expert Report at 6.  Second, in his expert report, Dr. Buster states that "[h]e does not receive additional pay [beyond his state salary] for [the expert] testimony described in [his] report."  Id. at 3.  Third, the demand by the Defendants is not that Dr. Buster be paid directly, but that the SPD be paid at a rate of $250 per hour for Dr. Buster's expert testimony.  (Dr. Buster has already given deposition testimony as a fact witness).  Lastly, the SPD is a defendant in this lawsuit and Dr. Buster, in particular, is responsible for helping the Defendants achieve compliance with the Consent Decree.  To this end, he has testified before the Court and the Special Master several times.  The demarcation between Dr. Buster as a fact witness and as an expert witness is at best gray.

Dr. Buster has worked at the SPD since February 2000 and is well-known and respected by the Special Master for his character and ability.  Disallowing the

---

[1]  The Intervenors have questioned the propriety of Dr. Buster being paid for expert testimony under Alabama's Ethics law.  Those issues are left for another day in the event Dr. Buster enters into an expert witness agreement with the State for future testimony in this case.

Defendants' request is no reflection on the considerable expertise that Dr. Buster brings to his work, his professionalism, and his extensive preparation before giving testimony.

If in the future, and not in connection with the currently pending motion on Article VIII compliance, Dr. Buster wishes to seek fees for his expert testimony in this case, then he should provide notice of that intention as soon as possible, so that the many issues—legal and ethical—raised by that request can be considered. With discovery set to expire at the end of the month, and Dr. Busters' deposition scheduled for June 29, the most important issue is for the parties to focus on concluding discovery so that the Defendants can file their motion for summary judgment, the Plaintiffs and the Intervenors can respond, and the Special Master can reach the merits and file his report and recommendation.

**ACCORDINGLY**, The Defendants' demand that the SPD be paid $250 per hour for Dr. Buster's expert testimony in their pending motion for Article VIII compliance is rejected.

IT IS SO ORDERED this 27th day of June 2005.

/s/ C. A. González
SPECIAL MASTER

3