IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

CIVIL ACTION NUMBER:
CV-85-T-665-N
**Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

## REPORT AND RECOMMENDATION ON
## PLAINTIFFS' MOTION TO RECOVER FUNDS

Before the Special Master is Plaintiffs' Motion to Recover Funds. Docket Nº 7752. In essence, the Plaintiffs seek the recovery of interest allegedly due on settlement payments made pursuant to the January 2001 Settlement Agreement between the Plaintiffs and the Defendants. Besides a previously paid sum of $44.6 million under the requirements of the Settlement Agreement, the Plaintiffs also received an amount equal to the settlement amounts paid to the Intervenors for their contempt and grievance claims, to wit: $1.45 million in additional settlement of grievances, and $2.4 million in additional settlement of monetary contempt claims. The Court gave final approval to the parties' settlement agreements on September 26, 2001. Docket Nº 5234. The Court ordered that these additional amounts be paid "plus interest from the date the

equivalent sum was paid to the Adams intervenors or their counsel." Docket № 6642. The Court's Order is silent, however, on the interest rate to be used. The Defendants, relying on 28 U.S.C. § 1961(a) claims that the appropriate interest rate is 2.6%. Docket № 7765 at 2. The Plaintiffs, on the other hand, insist that the appropriate rate is 3.5% based on an "agreement" of the parties. Docket № 7752 at 2. The Intervenors take no position on this dispute. Docket № 7766.

According to the Plaintiffs, on August 18, 2003, the Defendants paid $2,594,310 in settlement of contempt claims. This amount constituted $2.4 million in principal and $194,310 in interest allegedly calculated at a rate of 3.5%. Docket № 7752 at 2. Thereafter, on April 28, 2004, the Defendants, according to the Plaintiffs, tendered $1,475,312.60 in satisfaction of the grievance portion of the settlement. *Id*. This amount included an interest payment calculated at 2.6%. In tendering the $1.475 million, the Plaintiffs believe the Defendants "unilaterally reduced the amount it [should have paid] by $74,552.95, which defendant contended it had overpaid [in excess interest] to plaintiffs in the contempt settlement." *Id.* The Plaintiffs refused the initial because they believed that the interest payment for the grievance portion of the settlement was $55,250.23 short. Accordingly, the Plaintiffs now seek an additional payment of $129,803.18, ($74,552.95 + $55,250.23) the amount generated by the difference in interest

between the 3.5% sought by the Plaintiffs, and the 2.6% used by the Defendants in calculating the interest amount under the Settlement Agreement.

The Plaintiffs state that the 3.5% was "agreed-upon" but offer no evidence, only their assertion. The Defendants insist that no such agreement existed and there is no evidence before the Court of such an agreement.

The law requires that postjudgment interest be calculated "at the rate equal to the weekly average 1-year constant maturity Treasury yield. . . ." 28 U.S.C. § 1961(a). The Defendants have represented that for the week of September 26, 2001, the postjudgment interest rate applicable pursuant to Section 1961 was 2.6%. The Plaintiffs do not dispute the interest percentage noted by the Defendants. The appropriate postjudgment interest rate to be applied to the settlement amounts at issue is 2.6%

Because the Plaintiffs originally refused to accept the Defendants' April 28, 2004 tender of the $1.457 million, they now seek an additional interest payment through April 21, 2005, the date they finally agreed to accept the amount originally tendered after reserving their right to seek Court review of the postjudgment-interest-rate issues. The Plaintiffs are not entitled to recover additional interest after the date of the Defendants' first valid tender on April 28, 2004. *See Bogosian v. Woloohojian*, 158 F.3d 1, 9 (1st Cir. 1998)(interest does not accrue after a valid tender).

**ACCORDINGLY**, it is RECOMMENDED that the Plaintiffs' Motion to Recover Funds (Docket № 7752) be DENIED.

Objections to this Report and Recommendation must be filed with the Clerk of the District Court within ten (10) days. Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 27th day of June 2005.

/s/ C. A. González
SPECIAL MASTER