IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY REYNOLDS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:85cv665-T |
| ALABAMA DEPARTMENT OF | ) | (WO) |
| TRANSPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On March 4, 2005, Special Master Carlos González filed
a recommendation regarding the defendants' motion to
terminate Article II and III civil contempt fines and for
refund of all fines and accrued interest paid pursuant to
the 2000 order of civil contempt for Articles II and III.[1]
The special master recommended that the defendants' motion
should be granted as to their request for refund and denied
as moot as to their request to terminate fines.  The
plaintiffs and the Adams intervenors objected to the special

---

1. Report and Recommendation of Special Master (Doc.
No. 7694), filed March 4, 2005.

master's recommendation.   Pursuant to an April 21, 2005 order, the defendants filed a companion <u>Rufo</u> motion to modify the contempt order, and thereafter the plaintiffs and the Adams intervenors filed objections.


## I. REFUND OF ALL CONTEMPT FINES

The special master summarized the issue to be resolved as "whether under the law it is appropriate to impose civil contempt sanctions for noncompliance when one of the requirements of a consent decree for which fines are being imposed--in this instance the no-overlap provision--is later determined to be not feasible."[2]   The special master concluded that, because the no-overlap provision was found by this court and the Eleventh Circuit Court of Appeals to be infeasible and the defendants were in contempt because of the no-overlap provision, the contempt fines were improper and should be refunded in their entirety.

---

2.   <u>Id</u>. at 8.

It is well established that courts should not impose civil contempt penalties for failure to comply with an impossible demand.  Paraplastic, C.A. v. Cincinnati Milicron Co., 799 F.2d 1510, 1521 (11th Cir. 1986) ("A party held in contempt may defend his failure to obey a court's order on the grounds that he was unable to comply.").  The  substance of this dispute is whether the contempt fines would have accrued independent of the no-overlap clause.  Put another way, does the defendants' violation of the parts of the 2000 contempt order unrelated to the no-overlap clause take this case outside the general rule?  The defendants contend that they need only prove that the no-overlap provision made it impossible for them to implement fully the provisions of Article II and III to be entitled to a refund of all fines.

In United States v. Rylander, 460 U.S. 752, 757 (1983), the Supreme Court held that inability to comply is a complete defense to contempt.   The Eleventh Circuit has consistently applied this rule.   Paraplastic, C.A. v. Cincinnati Milicron Co., 799 F.2d 1510 (11th Cir. 1986);

3

Newman v. Graddick, 740 F.2d 1513 (11th Cir. 1984); United States v. Hayes, 722 F.2d 723 (11th Cir. 1984).  However, none of these cases involved sanctions premised upon multiple violations of a court order.  Closer scrutiny of these cases suggests that the special master applied this rule more broadly than the facts of these cases support.

Rylander involved a simple contempt finding for failure to produce two sets of documents.  460 U.S. at 754. Paraplastic and Hayes likewise involved contempt for failure to comply with a discovery order.  Paraplastic, 799 F.2d at 1514-16; Hayes, 722 F.2d at 724.  Graddick involved contempt for failure to comply with a single provision of a consent decree that "required that all state inmates be removed from county jails and that each inmate confined in a multiple occupancy area be furnished with 60 square feet of living space exclusive of halls, showers, and toilet areas."  740 F.2d at 1522.  None of these cases involved anything more than a failure to comply with a single, straightforward court order.

**4**

The present case is obviously more complicated.  The contempt order is lengthy, and the defendants can violate one provision while not violating others.  Thus, the literal application of Rylander's broad holding is questionable here.   Nonetheless, the defendants assert that "the fact that Defendants may have been in contempt of other provisions of Articles II and II is irrelevant because the Decree and the January 31, 2000 Contempt Order required full compliance by Defendants with Articles II and III [] in order to purge their contempt."  The special master agreed.[3] This argument suggests that Rylander and its progeny stand for the following proposition: if it is impossible for a party to comply with one part of multi-faceted consent decree, that party is absolutely relieved from complying with unrelated parts of the consent decree.

Rylander and its Eleventh Circuit progeny cannot be read so broadly because the result would be illogical.  As the special master's report explains, courts use their "powers

---

3.   Id. at 10.

5

of civil contempt ... to coerce compliance with its orders."[4]

See also In re Grand Jury Proceedings, 877 F.2d 849, 850 (11th Cir. 1989) ("[C]ivil contempt is a coercive device imposed to secure compliance with a court order.").  The defendants' position would substantially, if not completely, gut the coercive power of a court to enforce all provisions of a multi-faceted consent decree in all circumstances: should one portion be infeasible, the court would have no power to enforce the remaining parts.

The defendants did not comply with provisions of Articles II and III that are independent of the no-overlap clause.[5]  To relieve the defendants of all contempt fines because the no-overlap provision was infeasible would effectively undermine this court's ability to enforce those

---

4.    Id. at 8 (citing United States v. City of Miami, 195 F.3d 1292 (11th Cir. 1999).

5.    The defendants have been found in contempt, whether by stipulation or by this court, of Article II, ¶ 2(a) and (b) and Article III, ¶ 2.  The defendants have offered no evidence suggesting that their failure to comply with these provisions was in any way influenced by the no-overlap provision.

provisions.    The  defendants'  contention  that  these
provisions  are  peripheral  to  the  order  and  would  not  in
themselves  trigger  fines  is  dispelled  by  a  plain  reading  of
the  2000  contempt  order.    That  order  does  not  require
compliance  with  only  certain  portions  of  Articles  II  and
III,  but  is  an  all  or  nothing  proposition.    In  fact,  Article
III,  ¶  2  has  its  own  deadline,  belying  any  notion  that  it
was  an  incidental  provision.    The  court  concludes  that
independent  grounds  exist  for  contempt  fines  under  Articles
II  and  III  and  these  fines  are  not  foreclosed  by  the
infeasibility  of  the  unrelated  no-overlap  provision.

The  court  recognizes,  however,  that  Articles  II  and  III
of  the  2000  contempt  order  were  drafted  primarily  to  ensure
that  the  defendants  developed  race-neutral  minimum
qualifications.    This  objective  was  undermined  by  the
infeasibility  of  the  no-overlap  provision.    Therefore,  the
fine  schedule  established  in  the  2000  contempt  order  may  be
unreasonably  high,  given  that  the  no-overlap  provision  made

it impossible to develop minimum qualifications in a timely fashion.

## II.   THE RUFO MOTION

The defendants filed an accompanying Rufo motion asking the court to amend the contempt order to reflect the infeasibility of the no-overlap provision.  They proposed amending the order to remove any and all reference to deadlines for commencement of sanctions for Articles II and III.

Under Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 383 (1992), a court should modify a consent decree only if the party seeking the modification has established that a significant change in circumstances warrants modification and the proposed changes are suitably tailored to address the new factual or legal environment.  The defendants contend that removal of the no-overlap provision from the consent decree is a substantial changed circumstance to warrant modification of the contempt

8

agreement.  This court agrees.  The infeasibility of the no-overlap provision seriously impeded compliance with Articles II and III and was unforseen by all parties.

The defendants further contend that removing the deadlines for Articles II and III is suitably tailored because those provisions impose fines for non-compliance with the infeasible.  The defendants' proposed remedy is not suitably tailored because it is overbroad.  Their proposed change would eliminate fines intended to enforce the provisions of Articles II and III independent of the no-overlap provision that the defendants have admittedly failed to meet.  Accordingly, the court will deny the defendants' requested modification of the contempt order in this regard. The court will instead modify the contempt order under principles of equity.

The fines imposed for violation of Articles II and III are disproportionate to the defendants' misconduct because, as already noted, those articles were mainly intended to force defendants to develop minimum qualifications, which

were contingent on the no-overlap provision.  The court also recognizes that, while the defendants were certainly at fault for delaying the discovery of the problems with the no-overlap provision and for failing to comply with provisions unrelated to the no-overlap provision, the court and the other parties still put the defendants through the substantial time and expense of litigating the no-overlap provision.  Equity demands some accounting for this factor.

The court, therefore, concludes that defendants are entitled to a substantial refund, that is, 85 % of the requested refund.  This number reflects at least two factors:  (1) that Articles II and III were primarily concerned with minimum qualifications, which defendants could not develop because the no-overlap provision was infeasible; and (2) that the defendants had to divert a substantial part of their limited resources to litigating the no-overlap provision.  The 15 % that will not be refunded reflects that defendants inexcusably ignored other provisions of Articles II and III unrelated to the no-

overlap provision.  The parties are to submit to the court,

within seven days, a jointly agreed upon calculation of this

85 % refund.


## III.  CONCLUSION

For the foregoing reasons, it is the ORDER, JUDGMENT,

and DECREE of the court as follows:

(1)  The  plaintiffs'  and  the  Adams  intervenors'

objections (Doc. Nos. 7708 and 7706) are sustained.

(2) The special master's recommendation (Doc. No. 7694)

is rejected.

(3) The defendants' motion to terminate Article II and

III civil contempt fines and for refund of all fines and

accrued  interest  paid  pursuant  to  the  order  of  civil

contempt for Articles II and III (Doc. no. 7405) is denied.

(4)  The  plaintiffs'  and  the  Adams  intervenors'

objections (Doc. Nos. 7735 and 7736) are overruled.

(5)  The defendants' motion for modification of the 2000

contempt order (Doc. No. 7728) is granted in part.

(6)  The defendants are entitled to a refund of 85 % of all fines and accrued interest paid pursuant to the 2000 order of civil contempt for Articles II and III.

(7)  After conferring with the clerk of the court and, in any event by no later than September 6, 2005, the parties are to submit to the court a jointly agreed upon calculation of the amount of this 85 % refund.

DONE, this the 30th day of August, 2005.


                        /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE