IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

   Plaintiffs,

            CIVIL ACTION NUMBER:
v.             CV-85-T-665-N
             **Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

   Defendants.

# REPORT AND RECOMMENDATION

## I

The Intervenors' first motion for an interim award of attorneys fees and expenses (Docket № 7732) is again before the Special Master by order of the Court directing that a "final" calculation of fees and expenses be provided.  Docket № 7879.  The Court has "preliminarily adopted" the rationale contained in the Report and Recommendation ("R&R") on the Intervenors' first motion for fees and expenses.  *See Id.*, at 2.  Following the issuance of the R&R, the Intervenors filed a supplemental submission to their first request for fees that categorized their billing entries by the various categories contained in the R&R.  Docket № 7844.  ALDOT was directed to review the Intervenors' supplemental submission and, using the categories therein, indicate whether they agreed

or disagreed with the Intervenors' characterization of their recorded time.  This the Defendants have done.  *See* Docket № 7896.

In fulfillment of the Court's instructions for a "final calculation" of fees and expenses due the Intervenors under their first request, I have reviewed the submissions of the parties and determined the amount to be paid.

## II

### A

The Intervenors' supplemental submission on attorneys' fees (Docket № 7844-2) reflects that their first request for fees and expenses totals $146,106.18.  According to the Intervenors, $39,400 is excluded by the R&R as either not compensable, not compensable at this time, or compensable at a reduced rate.  The dollar amounts assigned by the Intervenors to these "excludeable" categories are shown in bold.

Of course the Defendants do not agree in all instances on the Intervenors' apportionment of time among the various categories.  By their assessment, the requirements of the R&R would exclude $49,954.27 from payment.  The dollar amounts assigned by the Defendants to these "excludeable" categories are shown in bold italics.

#### i

In this first category are those fees for which it is recommended that payment be held in abeyance until such time as the Court can determine the reasonableness of the requested fee in relation to the success achieved by counsel.

2

- Attorney time under ¶2(c) of Report and Recommendation:  Compliance motions (after mediation) (Docket Nº 7824 at 16) **$14,918.75**, (***$25,127.70***);

- Attorney time under ¶2(d) of Report and Recommendation:  Work on Defendants' Freeman motion (Docket Nº 7824 at 17) **$841.25**, (***$841.25***);

- Attorney time under ¶2(e) of Report and Recommendation:  Work related to Articles II and III fines (Docket Nº 7824 at 18) **$14,710**, (***13,762.20***); and

- Attorney time under ¶3(c) of Report and Recommendation:  Individual grievances (Docket Nº 7824 at 21) **$87.50**, (***$1,006.25***).

The next two items are categories of fees that the R&R recommends not be compensated.

- Paralegal time under ¶3(d) of Report and Recommendation (Docket Nº 7824 at 22) **$1,200**, (***$1,200***);

- Attorney time under ¶3(e) of Report and Recommendation:  Plaintiffs' Fees (Docket Nº  7824 at 23-24) **$612.50**, (***$1,070***).

In this last category, it was recommended that the Intervenors' fee request for work done on issues related to Decree extension be reduced by 5% to reflect the Intervenors' limited success.

- Attorney time under ¶4(b) of Report and Recommendation:  Work on Decree extension (Docket № 7824 at 27-29) $7,400 (reduced by 5% or **$370**), (*$7,312.50 reduced by 5% or $365.63*).

As noted above, the Defendants' assignment of the Intervenors' time into the various noncompensatory or delayed payment categories results in a reduction of $49,954.27 in the first fee request.  The Intervenors own assignment of time into the categories set out in the R&R shows that their requested fee would be reduced by $39,400.  As a practical matter, therefore, the difference between the Defendants and the Intervenors is $10,554.27 and this difference is predicated on disputes over the assignment of a few hours across the spectrum of categories laid out in the R&R.

B

Disagreements between the Intervenors and the Defendants in the assignment of time from one compensable category to another, or from one noncompensable category to another, are of no moment in computing the "final" amount due the Intervenors' for their first fee request.  If both the Intervenors and the Defendants agree that an activity is, or is not compensable, then it goes into the appropriate column regardless of whether they agree on the particular category into which the time is slotted.

i

In Section 2(c) of the R&R, the Special Master recommends that time spent working on compliance motions after the required mediation not be paid until the Court

4

can assess the Intervenors' degree of success.   Into this category of time, the Intervenors

assign $14,918.75.  Docket № 7844-2 at 7-8.  The Defendants, on the other hand,

recommend that $25,127.70 of the Intervenors' time be allocated to this category.  Docket

№ 7896 Exhibit 3.

Much of the controversy over the appropriate allocation of hours to this category

revolves around the time leading up to the mediation of the Defendants' motion for a

finding of compliance with Article VIII.  Under the terms of the R&R, all time spent by

the Intervenors responding to the Defendants' motion for compliance with Article VIII

through and including the final mediation before Dean John Carroll is compensable at the

rates previously agreed to by the parties.

In an untranscribed telephone conference on October 26, 2005, with the Special

Master and Mr. Huffacker, Mr. Fitzpatrick acknowledged that the last day of in-person

mediation before Dean Carroll was March 11, 2005.  He further stated that informal

discussions with Dean Carroll continued intermittently until April 28, 2005.  Accepting

Mr. Fitzpatrick's statement as true, it is nevertheless appropriate that all time spent on

Article VIII compliance issues after the end of formal mediation before Dean Carroll be

held in abeyance until the issue of Article VIII compliance is finally resolved.  It is the

Special Master's intention to create as many bright lines as are reasonably possible to

assist in the categorization of the Intervenors' time.

Accordingly, it is recommended that the following time of the Intervenors, which

has been classified by the Intervenors as fully compensable now, be reclassified as not

5

now compensable.  All other time with respect to work on Article VIII compliance issues

should be paid at the rates previously agreed to by the parties.

## TABLE A

### TIME INCURRED AFTER 11 MARCH 2005 ON ARTICLE VIII

| Date | Atty. | Rate | Description | Hrs. | Total |
|---|---|---|---|---|---|
| 03/14/05 | RSC | $175 | Work on Article VIII compliance issues; review monthly report information re: issues raised during mediation. | 4.00 | $700.00 |
| 03/15/05 | RSC | $175 | Work on Article VIII issues; analysis of COE data; correspondence with LDM and D. Mellon re: Article VIII issues; correspondence with Dean Carroll re: same. | 3.00 | $525.00 |
| 03/22/05 | RPF | $215 | Telephone conference with RSC re: mediation and settlement | 0.25 | $53.75 |
| 03/28/05 | RPF | $251 | Review of Article VIII interview questions. | 0.25 | $53.75 |
| 03/31/05 | RSC | $175 | Review status of Article VIII.  (Partial time entry for day). | 0.25 | $43.75 |
| 04/08/05 | RSC | $175 | Telephone conference with J. Carroll and R. Adams re: settlement; t/c to D. Mellon re same | 0.50 | $87.50 |
| 04/14/05 | RPF | $215 | Conference with RSC re: Article VIII discussions with Judge Carroll | 0.25 | $53.75 |
| 04/14/05 | RSC | $175 | Work on Article VIII settlement issues; telephone conference with Judge Carroll re: same; conferences with RPF re: same. | 1.00 | $175.00 |
| 04/26/05 | JMC | $175 | Meeting with attorneys re: Article VIII | 1.50 | $262.50 |

| 04/28/05 | RPF | $215 | Telephone conference with Judge Carroll re: Article VIII mediation issue. | 0.50 | $107.50 |
|---|---|---|---|---|---|
| 04/28/05 | RSC | $175 | Work on settlement issues; telephone conference with Judge Carroll and conference with RPF re: same. | 1.00 | $175.00 |
| **TOTAL** | | | | | $2,237.50 |

ii

    The Defendants make a similar argument regarding Article XIX, pointing out that the formal meditations with respect to Article XIX ended July 12, 2004.  As such, time spent on Article XIX compliance motions after the date the required mediation concluded are not compensable at this time and should be otherwise excluded from the currently compensable category.  The following table lists the hours to be held in abeyance:

**TABLE  B**

TIME INCURRED AFTER THE END OF MEDIATION ON ARTICLES XIX

| Date | Atty. | Rate | Description | Hrs. | Total |
|------|-------|------|-------------|------|-------|
| 02/25/05 | RSC | $175 | Work on Article XIX compliance issues and arbitration issues; correspondence with D. Mellon re: same | 3.00 | $525.00 |
| 03/08/05 | RSC | $175 | Work on Article XIX issues; telephone conference with D. Mellon re :same. | 1.00 | $175.00 |
| 03/14/05 | RSC | $175 | Work on Article XIX compliance issues; and conflict issues; telephone conferences re: same. | 1.50 | $262.50 |
| 03/24/05 | JMC | $175 | Review Article XIX for status conference. | 4.50 | $787.50 |
| 03/31/05 | RSC | $175 | Review status of Article XIX for status conference.  (Partial time entry for day). | 0.25 | $43.75 |
| **TOTAL** | | | | | $1,793.75 |

iii

The Intervenors acknowledge that $14,918.75 in requested fees should be held in abeyance pursuant to the R&R because that amount represents fees for work on compliance motions after the end of the required period of mediation.  Docket Nº 7844 at 7-8.  It is recommended that the fees identified in Tables A and B above, ($4,031.25), be added to that amount for a total of $18,950 in fees that should be held in abeyance at this time.

C

It was recommended that fees related to the Intervenors' work on the Defendants' Freeman motion be held in abeyance until the Court can determine "the degree of success that Intervenors may have in opposing the Defendants' motion." Docket № 7824 at 17. The Defendants and the Intervenors agree that $841.25 in fees should be held in abeyance until a final determination on the Defendants' Freeman motion is made. *Compare* Docket № 7844 at 9 *with* Docket № 7896 Exhibit 4.

### D

In their objections to the Intervenors' first request for fees, the Defendants objected to paying for work done by the Intervenors in opposing the Defendants' motion to terminate Article II and III contempt fines. On March 4, 2005, a Report and Recommendation was submitted to the Court which recommended that the Defendants be refunded the full amount of the contempt fines previously paid. Docket № 7694. The Court ultimately granted the Defendants' request for a refund but initially ruled that only 85% of the Article II and III contempt fines should be returned. Docket № 7845. The Defendant then filed a motion to alter or amend the Court's judgment to recover the remaining 15% of fines. The Court then referred the Defendants' motion to alter or amend to the Special Master for a Report and Recommendation. Docket № 7877. The Defendants motion is pending before the Special Master.

Given the unsettled nature surrounding the return of Article II and III contempt fines, the Special Master recommended that the Court hold in abeyance the payment of any fees for work related to the return of contempt fines. Docket № 7824 at 18. The

9

Intervenors' identify $14,710.00 that fall within this category of fees.  Docket № 7844 at 11.  The Defendants, however, identify only $13,762.20 falling within this category. Docket № 7896 Exhibit 5.  The difference between the Defendants' amount and the Intervenors' amount is almost entirely accountable to the Defendants' reallocating time from the "not payable now" category of Article II and III fine litigation, to one of the currently payable categories of the R&R.

Because the Intervenors are in the best position to assess the nature of their work, it is appropriate in this instance to adopt the Intervenors' assessment and to recommend that Intervenors' original estimate of $14,710.00 in fees be held in abeyance until the Court rules on the return of the remaining Article II and III contempt fines.

E

Time spent by the Intervenors working on Article XIX grievance issues is not now compensable.  Docket № 7824 at 22.  The Defendants have identified several time entries they believe represent work on grievance claim issues.  Docket № 7896 Exhibit 8. On review of the entries noted by the Defendants, the Special Master agrees they should be excluded from the currently payable fees.  Accordingly, the Special Master adopts Docket № 7896 Exhibit 8 as his own and recommends that $1,006.25 in fees be held in abeyance at this time.  It is further recommended that the one entry identified by the Intervenors as involving grievance activity be likewise excluded from those fees currently payable.  The amount so identified is $87.50.  *See* Docket № 7844-2 at 17.  The total amount to be excluded from the current payment is $1, 093.75.

10

F

The $1,200 in paralegal time is not compensable under the terms of the R&R. Docket № 7844-2 at 18-19 and Docket № 7896 at Exhibit 9.

G

It has been recommended that the time spent by the Intervenors reviewing the attorneys' fee issues between ALDOT and the Plaintiffs be disallowed.  Docket № 7824 at 23-24.  The Intervenors identify $612.50 of requested fees in this category, while the Defendants identify $1,070 in fees that they believe should be excluded.  Docket № 7844-2 at 21 and Docket № 7896 Exhibit 11.

Some additional time entries the Defendants contend should be placed in this category relate to the Intervenors' review of various orders of the Court that the Defendants believe relate to issues involving the Plaintiffs' and Defendants' fee discussions.  While that may be true, counsel for the Intervenors are nevertheless obligated to review the orders of the Court and such activity should be compensable.  The same cannot be said for the review of the Plaintiffs' and Defendants' various filings related to their fee discussions.  Accordingly, it is recommended that the following deductions put forth in Table C be made from the Intervenors' fee request beyond those suggested by the Intervenors for a total deduction of $710.

**TABLE C**

<u>NONCOMPENSABLE TIME SPENT REVIEWING ISSUES RELATED TO THE PLAINTIFFS FEE DISCUSSIONS WITH THE DEFENDANTS</u>

11

| Date | Atty. | Rate | Description | Hrs. | Total |
|------|-------|------|-------------|------|-------|
| 02/22/05 | RPF | $215 | Review filings and orders of past week.  (The total time allocated to this activity by the Intervenors is 0.50 hours.  The Defendants allocate 0.12 of the time to review of Plaintiffs' fee issues.  That allocation seems reasonable). | 0.12 | $25.80 |
| 03/02/05 | RSC | $175 | Review incoming pleadings, orders and correspondence. (The total time allocated to this activity by the Intervenors is 0.75.  The Defendants allocate 0.25 of the time to review of Plaintiffs' fee issues.  That allocation seems reasonable). | 0.25 | $43.75 |
| 03/16/05 | RPF | $215 | Review recent filings.  (The total time allocated to this activity by the Intervenors is 0.25.  The Defendants allocate 0.13 of the time to review of Plaintiffs' fee issues.  That allocation seems reasonable). | 0.13 | $27.95 |
| **TOTAL** | | | | | $97.50 |

H

The Intervenors designate $7,400 in the category of fees for time spent working on issues related to Decree extension matters. Docket № 7844-2 at 26-27.  It has been recommended that these amounts be reduced by 5% to reflect the limited success of the Intervenors.  Docket № 7824 at 27-29.  The Defendants place into this category slightly less time than the Intervenors ($7,312.50).  Docket № 7896 at Exhibit 15.

Because the Intervenors are in the best position to assess the nature of their work, it is appropriate in this instance to adopt the Intervenors' assessment and to recommend that the Intervenors' estimate of $7,400 be adopted, and that said amount be reduced by 5%, or $370 to $7,030 to conform to the requirements of the R&R.

III

In their first interim request for fees and expense, the Intervenors seek a total of $146,106.18.  Docket № 7844-2 at 1.  The deductions required by the R&R from this amount are as follows: $18,950 (section II(B)(i)-(iii) above)(possibly compensable at a later date); $841.25 (section II(C) above)(possibly compensable at a later date); $14,710.00 (section II(D) above)(possibly compensable at a later date); $1,093.75 (section II(E) above)(possibly compensable at a later date); $1,200 (section II(F) above)(not compensable); $710 (section II(G) above)(not compensable); and $370 (section II(H) above)(not compensable).  Also to be deducted from the total requested fee is the $5,261.25 previously paid by the Defendants.  Docket № 7790 at 2.

VI

13

**ACCORDINGLY**, it is recommended that of the $146,106.18 in fees and expenses sought by the Intervenors in their first interim fee request (Docket № 7732) that $43,136.25 be deducted from that amount for a total award of $102,969.93.

Objections to this Report and Recommendation must be filed with the Clerk of Court by November 14, 2005.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 2nd day of November 2005.


/s/ C. A. González_____
SPECIAL MASTER