IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

CIVIL ACTION NUMBER:
CV-85-T-665-N
**Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

# REPORT AND RECOMMENDATION

I

The Intervenors have filed a second motion for an interim award of fees and expenses covering the period 1 May 2005 through 31 August 2005. Docket Nº 7849. By a standing order of reference (Docket Nº 7860), the Intervenors' second motion for fees and expenses is before the Special Master for a Report and Recommendation. Docket Nº 7849. In their second motion, the Intervenors seek $103,957.50 in fees and $14,175.68 in expenses and expert consultant fees for a total award of $118,133.18. Docket Nº 7849 at 7. The Defendants voluntarily paid $218.75 of the requested fees. Docket Nº 7865 at 3.

The Intervenors' second motion for fees and expenses was filed before the Court's September 23, 2005 order preliminarily adopting the Special Master's Report and

Recommendation ("R&R") on the Intervenors' first request for fees and expenses. Docket № 7824.  Consequently, the Defendants filed objections to the second fee request that were virtually identical to those made to the Intervenors' first request for fees and expenses.  *Compare* Docket № 7738 *with* Docket № 7865.  In submitting their second request for fees, the Intervenors categorized their time according to the categories used in the R&R.  By order dated September 26, 2005, the Special Master indicated his intention to apply the rationale from the R&R to the Intervenors' second request for fees.  The Defendants were directed to assess the Intervenors' second fee request in light of the categories used in the first R&R.  Docket № 7881 at 2.  Defendants' supplemental submission on the Intervenors' second fee request is such an assessment.  *See* Docket № 7891.  Applying the standards from the R&R to the Intervenors' second request, this report and recommendation sets out the amount the Intervenors' should be paid on their second request for fees and expenses.

  There are several instances where the Intervenors and the Defendants may disagree as to the appropriate allocation of time among the various categories.  In some instances, the dispute is over which of several compensable categories the time should be allocated.  In other instances, it is over which currently noncompensable categories various time entries should be assigned.  In these two cases, the actual designation is less important than the agreement between the parties that a time entry is, or is not, currently compensable.  It is in those cases where the parties disagree about a time entry's possible compensability, then a decision is made as to the correct classification of the time entry.

II

A

i

In the Intervenors' second motion for an interim award of fees, they allocate $56,646.25 for work on compliance motions after the completion of the required mediation. Docket № 7849-2 at 13. According to the requirements of the R&R, fees in this category are not payable until the Court assesses the degree of the Intervenors' success in challenging the Defendants' underlying motions for a finding of compliance. Docket № 7824 at 16. In the Defendants' review of the Intervenors' time, they allocate $64,206.25 in fees to this category. On reviewing the objection of the Defendants, the Special Master believes that the following time entries should be shifted from one or more of the "currently compensable" categories into which they were placed by the Intervenors, to the "compensable at a later date" category.

## TABLE A

## TIME INCURRED AFTER THE END OF REQUIRED MEDIATION UNDER THE CONTEMPT ORDER

| Date | Atty. | Rate | Description | Hrs. | Total |
|---|---|---|---|---|---|
| 5/17/05 | RSC | $175 | Telephone conference with Ms. York re: agenda and mediation. | 0.25 | $43.75 |
| 05/20/05 | GLB | $115 | Work on review of export reports for Article VIII monitoring. | 2.00 | $230.00 |
| 05/25/05 | JMC | $175 | Work on affidavit re: Article XIV; review Article XIV correspondence and pleadings. | 8.00 | $1,400.00 |
| 06/01/05 | SW | $50 | Research CDs of monthly reports re: Ex. 20 of hiring and promotions report for Article VIII compliance issues. | 4.25 | $212.50 |
| 06/02/05 | SW | $50 | Research CDs of monthly reports re: Ex. 20 of hiring and promotions report for Article VIII compliance issues. | 5.50 | $275.00 |
| 06/03/05 | SW | $50 | Research CDs of monthly reports re: Ex. 20 of hiring and promotions report for Article VIII compliance issues. | 7.00 | $350.00 |
| 06/16/05 | JMC | $175 | Analysis of EDP Report produced by Defendants re: update of Article XIV compliance monitoring; review reports of 12/31/04-1/31/05. | 5.00 | $875.00 |
| 06/17/05 | RSC | $175 | Work on scheduling issues; telephone conferences re: same. (*See* Docket Nº 7870-2 at 2 deals with expert witness deposition schedules.) | 0.50 | $87.50 |
| 06/20/05 | JMC | $175 | Analysis of EDP report for June 2005. | 4.50 | $787.50 |

| | | | | | |
|---|---|---|---|---|---|
| 06/23/05 | JMC | $175 | Review and analysis of August 2004 Technical Report re: Article XIV compliance. | 4.00 | $700.00 |
| 06/28/05 | GLB | $115 | Review and analysis of April 2005 ALDOT monthly reports on Consent Decree w. particular attention to Article VIII selection information. | 3.00 | $345.00 |
| 06/30/05 | JMC | $175 | Review and analysis of March 2005 EDP Report. | 3.00 | $525.00 |
| 08/08/05 | GLB | $115 | Work on analysis of certification and selection materials in 3/05 compliance reports of ALDOT. | 5.00 | $575.00 |
| 08/09/05 | GLB | $115 | Analysis of certification and selection materials in 3/05 compliance records received from ALDOT to monitor Article VIII. | 3.75 | $431.25 |
| 08/10/05 | GLB | $115 | Review and analysis of 5/05 monthly compliance records and certifications and selection materials to monitor Article VIII. | 6.00 | $690.00 |
| 08/11/05 | GLB | $115 | Review and analysis of certification and selection materials in 6/05 compliance records for monitoring of Article VIII. | 3.25 | $373.75 |
| 08/12/05 | GLB | $115 | Finish review and analysis of certification and selections from 6/05 monthly compliance report. | 3.00 | $345.00 |
| | | | **TOTAL** | | $8,246.25 |

All of the time noted above had been allocated by the Intervenors to the "currently payable" monitoring category, and concerns issues involving Articles VIII and XIV. The

5

mediation for both these articles concluded prior to the billing period covered by the second interim request for fees. It is the judgment of the Special Master that an award of fees for these activities should await the resolution of the underlying compliance actions. Accordingly, the $8,246.25 in fees identified in Table A should be added to the $56,646.25 identified by the Intervenors, for a total of $64,892.50 in fees that should be held in abeyance until a later date.

ii

There are four time entries that the Defendants believe should be moved from the compensable category for time spent reviewing the Court's orders and attending conferences, to the "not-yet compensable" post-mediation category. Two of the entries are on June 13, 2005, and relate to the review by Mr. Clark and Mr. Fitzpatrick of Court orders. Together the two entries total 0.75 of an hour. The final two entries are by Mr. Cooper and Mr. Fitzpatrick on July 22, 2005, and relate to preparation for a telephone conference with the Special Master. These two entries together also total 0.75 of an hour. This time is appropriately payable under the terms of the R&R and has been properly allocated by the Intervenors. Docket Nº 7824 at 16, 21.

B

There are three entries by the Intervenors in the post-mediation category that the Special Master believes should be currently compensable at the agreed-to rates because

they relate to time spent "preparing for and attending conferences with the Special

Master. . . . " Docket № 7824 at 16.  Those entries are:

## TABLE B

### TIME CATEGORIZED BY THE INTERVENORS AS NOT CURRENTLY COMPENSABLE THAT SHOULD BE SHIFTED TO CURRENTLY COMPENSABLE CATEGORY

| Date | Atty. | Rate | Description | Hrs. | Total |
|------|-------|------|-------------|------|-------|
| 6/24/05 | RPF | $215 | Conference with RSC and GLB re: argument points on expert fee dispute that will be subject of conference call this morning and State's obstructive tactics; conference call with Special Master re: payment of expert fees. | 1.00 | $215.00 |
| 6/24/05 | RSC | $175 | Conference call with Special Master and counsel re: defendants' request for payment for Buster depo; prepare for same & conferences re: same. | 3.00 | $525.00 |
| 6/24/05 | GLB | $115 | Telephone conference with Special Master and parties on discovery issues; conference with RPF and RSC on same. | 0.75 | $86.25 |
| **TOTAL** | | | | | $826.25 |

It is recommended that $826.25 be added to the "currently compensable" category

of fees.  In other words, $826,25 in fees should be subtracted from the "not-yet

compensable" category into which the Intervenors had placed the fees.

C

Exhibit 8 to the Defendants' supplemental submission on the Intervenors' second fee request designates three time entries by Mr. Cooper as involving time spent pursuing individual grievance issues. Time spent on such activities is not currently compensable under the R&R, but is to be held in abeyance pending a future determination regarding its compensability. Docket Nº 7824 at 22. The Intervenors designated these three entries as compensable under the monitoring category. The Defendants, on the other hand, designate these entries as involving grievance issues. The Special Master agrees with the Defendants, and accordingly adopts Defendants' Exhibit 8 (Docket Nº 7891) as his own and recommends that $1,137.50 be excluded at this time from the Intervenors' second fee request.

D

The Defendants assert that an entry by Mr. Clark dated June 15, 2005, for 0.50 of an hour, reading "work on fee issues; initial review of defendants' objections" relates to review of the Plaintiffs' fee petition and as such is not compensable. Docket Nº 7824 at 23. The Defendants note that their objections to the Intervenors' first fee request was not filed until June 16, 2005. Docket Nº 7790. Accordingly, this time is properly excludable under the requirements of the R&R because it relates to the Plaintiffs' fee issues. It is recommended, therefore that $87.50 be deducted as not compensable from the Intervenors' second fee request.

E

The Intervenors seek $27,948.75 for work related to their first interim request for fees and expenses. Docket № 7849 at 19-23. It is well settled that a prevailing party is entitled to reasonable fees for litigating a §1988 award. Villano v. City of Boynton Beach, 254 F.3d 1302, 1309 (11th Cir. 2001). The Defendants, on the other hand, argue that the compensation for litigation under §1988 of the Intervenors' fee petition should be delayed until the Court has had a chance to consider the Intervenors' degree of success in securing fees. Docket № 7865 at 4-5 and 7891 at 5.

The Court has preliminarily adopted the R&R (Docket № 7879) and the only issue remaining on remand with respect to the Intervenors' first interim request for fees is a determination of a final amount due. The Court's Order preliminarily adopting the R&R did indicate that the Defendants and the Intervenors could renew their earlier objection, to the merits of the Special Master's holdings, but unless the Court completely rejects the reasoning of the R&R, then, by any measure, the Intervenors have substantially prevailed. In their first interim request for fees and expenses, the Intervenors sought approximately $146,000 in fees and expenses, the Defendants voluntarily paid $5,261.5. Docket № 7824 at 2. The Report and Recommendation issued this day on remand from the R&R recommends that the Court award the Intervenors more than $102,000 for their first interim fee request. The Intervenors are entitled to fees for litigating their §1988 claims. Except for the one isolated entry noted below, the Intervenors are entitled to recover fees associated with litigating their first motion for an interim award of fees and expenses.

Mr. Clark was permitted to withdraw from the <u>Reynolds</u> case on August 9, 2005. Docket Nº 7865. There is an August 18, 2005, entry by Mr. Clark for 2.50 hours related to time spent recategorizing billing entries to conform to the R&R. Since this activity took place after Mr. Clark had withdrawn from the case, the State should not be compelled to pay for the time. Accordingly, it is recommended that $437.50 be deducted from the amount payable to the Intervenors for litigating their fee claims. The Intervenors should be awarded $27,511.25 in fees for litigating the first interim fee request.

F

The Intervenors' request $7,500 in expert consultant fees for May 2005. From the state of the record, determining what the consultant did is impossible. Previously, the Special Master recommended that the expenses of the Intervenors' consultant be reimbursed because it appeared from the record that the consultant aided the Intervenors in assessing the validity of selection procedures being proposed by the Defendants. Docket Nº 7824 at 24-25, <u>see also</u> Docket Nº 7732-3 at 8 (attaching invoice of expert consultant showing work performed).

The second fee petition seeks $7,500 in expert consulting fees for service provided in May 2005. No invoice or description reflecting the nature of the services provided has been made available. The Defendants contend that the services relate to Article VIII post-mediation issues (Docket Nº 7891 Exhibit 13). If the services that were provided relate solely to post-mediation Article VIII issues as asserted by the Defendants, then the collection of such fees will need to await a determination on the Defendants' motion for a

finding of compliance. On the other hand, if the services relate to another on-going and currently compensable activity, then perhaps the consultant fees are collectable now.

It is recommended that the Intervenors supplement the record so that a decision can be made on whether the expert consultant fees are properly payable now, or should be held in abeyance. The matter can be sent to the Special Master for resolution or perhaps put to the District Court directly so as not to delay a final decision. Until a decision is made, it is recommended that the $7500 in consulting fees sought by the Intervenors be deducted from the current fee petition.

G

The Intervenors seek $6,675.68 in expenses of litigation, other than consultant fees. The Special Master has reviewed the list of expenses and finds them to be reasonable and necessary to the proper prosecution of this litigation.

III

In their second interim request for fees and expense, the Intervenors seek a total of $118,133.18. The deductions required by the R&R from this amount are as follows: $64,892.50 (section II(A)(i-ii)(possibly compensable at a later date); $1,137.50 (section II(C)(possibly compensable at a later date); $87.50 (section II(D)(not compensable); $437.50 (section II(E)(not compensable); and $7,500 (section II(F)(possibly compensable after the Intervenors file supplemental information, or possibly compensable at a later date). The $826.25 identified in section II(B) should be moved from the "not-yet compensable" category to the "currently compensable" category. Lastly, the $218.75

11

previously paid by the Defendants (Docket № 7865 at 3) should be deducted from the requested fee.

III

**ACCORDINGLY**, it is recommended that the Intervenors' second interim request for fees and expenses (Docket № 7849) be GRANTED IN PART and DENIED IN PART consistent with this Recommendation. Specifically, it is recommended that of the $118,133.18 in fees and expenses sought by the Intervenors, $73,447.50 be deducted for a total award of $44,685.68.

Objections to this Report and Recommendation must be filed with the Clerk of Court by November 14, 2005. Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 2nd day of November 2005.

/s/ C. A. González
SPECIAL MASTER