IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHNNY REYNOLDS, et al.,      )
                              )
    Plaintiffs,               )
                              )
    v.                        )    CIVIL ACTION NO.
                              )     2:85cv665-MHT
ALABAMA DEPARTMENT OF         )        (WO)
TRANSPORTATION, et al.,       )
                              )
    Defendants.               )
```

ORDER

After an independent and de novo review of the record, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The objections filed by the defendants on November 14, 2005 (Doc. No. 7919), are overruled, except as to the portion of fees relating to the decree-extension matters.

(2) The recommendation, entered by Special Master Carlos González on November 2, 2005 (Doc. No. 7908), is adopted, except the portion of the recommendation relating to the decree-extension matters.

(3) The Adams intervenors are awarded only 70 % of the $ 7,400.00 relating to the decree-extension matters that they requested.

(4) The Adams intervenors' first motion for interim fees is granted in part and denied in part.

(5) The defendants are to pay to the Adams intervenors $ 101,119.93 in interim fees for the period of January to April 2005.

The court's decision was affected by the following considerations, in light of the parties' oral arguments on February 7, 2006, :

(A) As to the fees relating to the decree-extension matters, the court believes that a 30 % reduction more accurately reflects that the outcome of the whole decree extension issue was a "mixed bag" for all three groups of parties to this litigation.

(B) As to the $ 43,000.00 in fees relating to general monitoring, the court has some reservations regarding this large sum. However, the court sees no basis in the record to doubt the representations made by the Adams intervenors

and the plaintiffs that this was an anomalous amount resulting from increased oversight activity arising from the extension of certain parts of the consent decree into 2005. The Adams intervenors' second motion for interim fees contains approximately $ 8,000.00 in general monitoring fees, which supports the contention that this was simply an anomaly. <u>In short, the court considers this large sum to be a one-time event for the Adams intervenors.</u>

(3) As to all fees that are deemed "possibly compensable at a later date" in the special master's recommendation, the Adams intervenors may file a renewed motion for interim fees when the matters giving rise to those fees come to a final resolution. Put another way, the Adams intervenors' first motion for interim fees was denied without prejudice as to those fees that have been classified as "possibly compensable at a later date."

DONE, this the 21st day of February, 2006.

    /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**