IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


JOHNNY REYNOLDS, ET AL.,

      Plaintiffs,

                                     CIVIL ACTION NUMBER:

v.                                 CV-85-T-665-MHT
                                 **Special Master González**


ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

      Defendants.


# REPORT & RECOMMENDATION
# ON INTERVENORS' THIRD REQUEST FOR FEES AND EXPENSES


I

    This case is before the Special Master on the Intervenors' Third Motion for an Interim Award of Attorneys' Fees and Expenses pursuant to 29 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k).  Docket № 7949.  By Standing Order of Reference, (Docket № 7858) the Court has referred all motions for attorneys' fees and expenses to the Special Master for consideration and recommendation.  In their current request, the Intervenors seek a total of $29,712.70 in fees ($28,273.75) and expenses ($1,438.95) for September 1, 2005, through December 31, 2005.  Docket № 7949 at 7.  The Defendants have voluntarily paid $3,455.65.  Docket № 7954 at 7.

On February 21, 2006, the Court entered two orders essentially adopting the Special Master's earlier recommendations on the Intervenors' first and second fee requests.  Docket № 7973 and 7974.  Accordingly, the legal reasoning and basis for an interim award of attorneys' fees to the Intervenors has been established by the Court.  The Special Master specifically adopts and incorporates for purposes of this recommendation the legal reasoning reflected in the first Report and Recommendation on the Intervenor's entitlement to fees and expenses.  See generally Docket № 7824.

II

Pursuant to earlier instructions, the Intervenors have categorized their time for September 1, 2005 through December 31, 2005, according to various categories set forth by the Special Master.  See Docket № 7949, Exhibit 4.  ALDOT has similarly assigned each of the Intervenors' time entries into one of the recommended categories.

There are several instances where the Intervenors and the Defendants disagree as to the appropriate allocation of time among the various categories.  In some instances, the dispute is over which of several compensable categories the time should be allocated.  In other instances, it is over which currently noncompensable categories various time entries should be assigned.  In these two cases, the actual designation is less important than the agreement between the parties that a time entry is, or is not, currently compensable.  It is in those cases where the parties disagree about a time entry's possible compensability, that a decision is made as to the correct classification of the time entry.

A

2

The Intervenors request $2,618.75 in fees for attending and preparing for various conferences with the Court and the Special Master.  Docket № 7949, Exhibit 4 at 2. These fees are reasonable and necessary and should be awarded.  See Docket № 7824 at 16.  In addition to these amounts, the following two entries currently listed by the Intervenors in a deferred payment category are more appropriately payable now as they relate to activities involving preparation for a conference with the Court or the Special Master.

| 10/03/05 | JMC | $175 | Prepare for conference with SM González re Articles 8 &14 conf. w/ RPF & GLB re: same. | 5.50 | $962.50 |
|---|---|---|---|---|---|
| 11/28/05 | RPF | $215 | Discuss w/ GLB and JMC issues to be addressed in status conference this week: Article 14 Report and Recommendation; Int. fee Report and Recommendation; discuss status of Article 8 submission to Special Master. | 0.50 | $107.50 |
| TOTAL | | | | | $1070.00 |

It is therefore recommended that beyond the $2,618.75 in fees sought by the Intervenors for attending court conferences that they receive an additional $1,070.00 added to this category for a total of $3,688.75 in fees for services related to attending conferences with the Court or the Special Master.

3

B

The Intervenors seek $463.75 for work related to reading and analyzing the orders and recommendations of the Court or the Special Master. Docket № 7949, Exhibit 4 at 7. This time is compensable. Docket № 7824 at 21. In addition to the time designated in this category by the Intervenors, the following entries currently listed by the Intervenors in a deferred payment category are more appropriately payable now as they relate to review of Court Order or Recommendations.

| 10/17/05 | RPF | $215 | Review [R&R] on Article 14 Summary Judgment motion . . . conf. w/ JMC re procedural problem in not addressing all issues before matter goes to district court. | 0.75 | $161.25 |
|----------|-----|------|---|------|---------|
| 10/17/05 | JMC | $175 | Review [R&R] re Article 14 Summary Judgment motion; conf. w/ RPF | 1.50 | $262.50 |
| TOTAL | | | | | $423.75 |

Thus, besides the $463.75 allocated by the Intervenors to fees associated with reviewing court orders, an additional $423.75 should be added to this category and removed from the deferred category for a total of $887.50.

C

The Intervenors seek $107.50 for discussions regarding the settlement of various issues. Docket № 7949, Exhibit 4 at 8. As previously held, settlement discussions are compensable. Docket № 7824 at 23.

4

D

The Intervenors request $4,866.25 in fees associated with preparing their fee requests and responding to the Defendants' objections.  Docket № 7949, Exhibit 4 at 9-10. Most of the entries relate to the Intervenors' first and second request for fees that have now been approved by the Court.  It is of course well established that a prevailing party is entitled to recover fees for the preparation and successful prosecution of a 42 U.S.C. § 1988 claim.

As such, those fees are recoverable as reasonable and necessary.  The Intervenors mistakenly categorize the following time entries by Mr. Fitzpatrick as relating to fee litigation.  They are more appropriately listed in the deferred category to be taken up later.

| 10/18/05 | RPF | $215 | Review submission agreement with w/ JMC on Article 14. | 0.25 | $53.75 |
|---|---|---|---|---|---|
| 11/01/05 | RPF | $215 | Review plaintiffs' motion to alter or amend Article 14 [R&R]. | 0.25 | $53.75 |
| TOTAL | | | | | $107.50 |

The total amount of fees recommended for litigating fee issues is $4,758.75.

E

The Intervenors have listed as currently compensable under the "monitoring" category the following two entries related to grievance activities under Article XIX:

| 9/29/05 | JMC | $175 | Review recent Article 19 grievance reports | 1.50 | $262.50 |
|---------|-----|------|---------------------------------------------|------|---------|
| 10/11/05 | JMC | $175 | Monitor Article 19 compliance re: grievance deadlines and processing. | 1.25 | $218.75 |
| TOTAL | | | | | $481.25 |

As previously held, time spent on work related to grievance claims are to be held in abeyance and not compensated at this time. Docket Nº 7824 at 22. This sum should be allocated to the deferred payment category.

Under the monitoring category, the Intervenors seek a total of $7,388.75 in fees. Docket Nº 7949, Exhibit 4 at 11-12. Deferring the $481.25 for time spent on grievance matters results in a total of $6,907.50 requested for monitoring activities.

The Court has expressed concern that the "monitoring" category should not be used to inflate a fee award. Docket Nº 7973 at 2-3. After a review of the time collected by the Intervenors under the monitoring category, the Special Master is satisfied that it is not excessive considering the complexities of the case, the overall fee request, and the obligations of counsel to monitor and assess compliance with the Consent Decree. It is recommended that the Intervenors be awarded $6,907.50 in fees for monitoring activities over the four months period between September and December 2005.

F

Consistent with the Special Master's Recommendation and affirmed by the Order of the Court, the $4,026.25 in fees sought for work related to the refund of contempt fines paid for Article II and Article III should be deferred until final resolution of that issue.[1] Docket № 7824 18-19.  Similarly, the $230 in fees for work on the Defendants' Freeman motion is also to be deferred.  Id. at 17.  Lastly, the $7,186.25 in fees related to work on compliance motions after the required period of mediation should also be held in abeyance until those issues are resolved.  Id. at 16-17.

 In all, $11,923.75 in requested fees should be deferred until the Court can assess the Intervenors' relative degree of success, if any, in taking positions related to the various motions for compliance with provisions of the Consent Decree, or relating to the return of Article II and III contempt fines.

G

The Defendants do not contest the Intervenors' request for $1,438.95 in expenses.

H

**SUMMARY OF RECOMMENDATION**

---

[1]  The only matter that remains pending with respect to the refund of Article II and III contempt fines relates to the Defendants' attempt to recover the last $59,152.23 in previously paid fines for Article III, ¶2(a).  That issue awaits an R&R which will be completed over the next several days.  Once that matter is fully resolved by the Court, and at the next regular filing by the Intervenors of a fee and expense request, they should seek an award of fees for their work related to the return of Article II and III contempt fines.  These hours should be set out in a new "previously deferred hours" category.

| CATEGORY | AMOUNT | STATUS |
|---|---|---|
| Conferences with the Court/Special Master | $3,688.75 | PAY |
| Review of Court Orders and R&Rs | $887.50 | PAY |
| Settlement Efforts | $107.50 | PAY |
| Litigating Fee Requests | $4,758.75 | PAY |
| Monitoring | $6,907.50 | PAY |
| Expenses | $1,438.95 | PAY |
| Sub Total of Fees & Expenses Owed | $17,788.95 | |
| Less Defendants' Previous Payment | ($3,455.65) | |
| **Total Fees and Expenses To Be Paid** | $14,333.33 | |
| | | |
| Compliance Motions after Mediation | $7,667.50 | DEFER |
| Refund of Art. II and III Contempt Fines | $4,026.25 | DEFER |
| Work on Freeman Motion | $230.00 | DEFER |
| **Total Deferred** | $11,923.75 | |

III

**ACCORDINGLY**, it is recommended that the Intervenors' Third Request for Fees and Expenses (DOCKET № 7949) Be GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.  In particular, it is recommended that the Intervenors be awarded $14,333.33 in fees and expenses as outlined above in section II(H), and that fees in the amount of $11,923.75 be denied (deferred) without prejudice with leave to refile a claim for this amount at a later date.

Objections to this Report and Recommendation must be filed with the Clerk of Court by March 13, 2006.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 27th day of February 2006.

/s/ C. A. González
SPECIAL MASTER