IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

CIVIL ACTION NUMBER
CV-85-T-665-MHT
**Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

## REPORT AND RECOMMENDATION

I

This case is again before the Special Master on the Defendants' submission of supplemental evidence regarding compliance with Article III, ¶2(a) of the Consent Decree. This submission is made pursuant to the Special Master's December 5, 2005, Report and Recommendation. Docket № 7930. The issue before the Court involves the refund of a portion of the contempt fines previously paid by the Defendants for contempt of Article III, ¶2.

In their most recent filing, the Defendants summarize the procedural history of this matter and the Special Master borrows liberally from that summary. Docket № 7938 at 1-3.

1

On August 30, 2005, the Court entered an Order granting, in part, Defendants' motion for a refund of Articles II and III civil contempt fines, based on its finding that Defendants' ability to comply with certain provisions of the Articles was affected by the unworkability of the no-overlap requirement. Docket Nº 7845 at 10-11. In all, the Defendants sought $4,569,000 in previously paid civil contempt fines. The Court ultimately awarded 85% of that amount, or $3,883,650, choosing to withhold 15% of the total fines paid, or $685,350, based on its finding that several provisions of Article II and III were not affected by the no-overlap requirement, specifically Article II, ¶2(a) and (b) and Article III, ¶2. *Id.*

On September 9, 2005, Defendants moved the Court to alter or amend its judgment entered on August 30, 2005. Docket Nº 7845. In particular, Defendants asked the Court to modify its order by granting to Defendants an additional refund of the Articles II and III civil contempt fines based on the fact that they had complied with Article II, ¶2(a) and (b) and Article III, ¶2 before the Court lifted the contempt fines in December 2004. Following the hearing on Defendants' motion, the Court entered an order on September 23, 2005, and referred the motion to the Special Master to determine "whether the defendants complied with Article II, ¶2(a) and (b) and Article III, ¶2 while still paying contempt fines and are thus entitled to a refund of contempt fines. . . . " Docket Nº 7877 at 1.

2

On December 5, 2005, a Report and Recommendation ("R&R") was issued that recommended the Defendants' motion for additional refund of contempt fines for Articles II and III be partially granted.  Docket № 7930 at 17-18.  Specifically, the R&R recommended that Defendants be refunded $303,959.33 on a pro-rated basis for their compliance with Article II, ¶2(a) and Article III, ¶¶2(b)-(d).  It further recommended that Defendants submit additional evidence on the issue of compliance with regard to Article II, ¶2(b) and Article III, ¶2(a).  *Id*.

The Defendants were "not able to locate additional evidence pertaining to their compliance with Article II, ¶2(b)."  Docket № 7938 at 3.  The Defendants do, however, submit additional evidence and argument pertaining to Article III, ¶2(a) and as a result seek the refund of an additional $59,152.23.

II

As they did in their initial submission, (Docket № 7901) the Defendants assert that they were in compliance with Article III, ¶2(a) since July 25, 2001, the day the Defendants moved for compliance with Article XI, ¶11.  Docket № 7938 at 3.  Article III, ¶2(a) requires that black ALDOT employees have an equal opportunity "to be assigned to duties of the jobs they hold comparable to the assignment of white employees on such jobs. . . [.]"[1]  In asserting compliance with the proportionality requirement of Paragraph

---

[1] Article III, ¶2(a) requires as follows:

> 2. Highway Department Program: The Highway

(continued...)

3

2(a), the Defendants point to the proportionality program required by Article IX, ¶11. *Id*. Article XI, ¶11 requires black ALDOT employees to "receive assignments at rates proportional to their representation in the relevant job classifications to the better in-house job titles at [ALDOT]."[2]

In requesting additional evidence about the relationship between the proportionality requirements of Article XI and Article III, the Special Master in his R&R wrote:

---

[1](...continued)
>
> Department will develop and implement a program designed to achieve the following:
>
> (a) Assuring to the extent practicable that black employees are provided with equal opportunities to be assigned to duties of the jobs they hold comparable to the assignment of white employees on such job to such duties, provided that this is not intended to require all employees on a job to be assigned to the same duties or to require the assignment of anyone to duties which they are not qualified to perform after normal training and/or orientation.

[2] Article XI, ¶11 provides:

> The Highway Department will take affirmative steps to have eligible black employees of the Department receive assignments at rates proportional to their representation in the relevant job classifications to the better in-house job titles at the Highway Department. In the event that the plaintiffs conclude that the efforts of the Highway Department in this area are not adequate, they may petition the Court for further relief in this area during the pendency of this Decree.

>To be sure, both Article XI and Article III have proportionality requirements. Whether they are equivalent so that a determination that the Defendants are in compliance with one article (Article XI) is tantamount to being in compliance with another article's proportionality requirement (Article III, ¶2(a)) is not clear from the state of the record. The Special Master is not sufficiently familiar with the requirements of Article XI, ¶11 and the litigation surrounding it to make the determination that the "Defendants' compliance with the proportionality plan component of Article III, ¶2(a) occurred not later than July 25, 2001, when the Defendants filed their compliance motion" with regard to Article XI. Docket No. 7901 at 16.

Docket № 7930 at 14-15.

In an effort to bolster their argument that compliance with Article XI, ¶11 is equivalent to compliance with Article III, ¶2(a), the Defendants rely on the description of the proportionality plans as set out in ALDOT's Monthly "Summary of Decree Actions Completed by the Alabama Department of Transportation Human Resources Bureau" (hereinafter referred to as "Monthly Report"). According to the Defendants:

>These Monthly Reports were instrumental in Defendants' counsels' determination as to what [new] evidence to offer the Special Master with regards to their compliance efforts for Articles II and III. Previously, after analysis of Monthly Reports from 2000 and 2001, Defendants' counsel determined that the Form 40 and proportionality programs showed Defendants' compliance efforts under Article III, ¶2(a). After analysis of the proportionality plans described in the Monthly Reports under Articles III and XI, it is clear that the same proportionality program developed by the Arthur Anderson Group covered the requirements under both articles.

Docket № 7938 at 4.

5

III

To be sure, the Monthly Reports use similar language to describe the reporting of the proportionality requirements of both Article III and Article XI. *Id*., at 5. Nevertheless, the substance of the matters addressed in the two articles is too dissimilar one from the other to find that compliance with Article XI, ¶11 is tantamount to compliance with Article III, ¶2(a).

Article XI focuses on proportionality with respect to "better in-house job titles" within ALDOT's specific job classifications, while Article III deals with the assignment of job duties on a proportional basis. These are very different requirements. The latter focuses on the duties or tasks to be preformed, while the former relates to job titles within classifications. As the Plaintiffs point out, "Article III is intended to ensure that people in a classification and/or job title perform all the duties of that classification or job title. Not just the basic ones." Docket № 7952 at 2. In short, job duties are different from job titles.

Moreover, in setting the compliance deadlines for Article III, ¶2(a) and Article XI, ¶11, the parties established separate dates. For Article III, ¶2(a) the parties agreed that the Defendants were to bring their actions into compliance with the Consent Decree by June 1, 2000 (Docket № 4247 at 12) and for Paragraph 11 of Article XI the compliance deadline was set for April 15, 2000. *Id.* at 13. There would have been no need for separate dates if the proportionality requirements between Article III and Article XI were the same.

**ACCORDINGLY**, it is RECOMMENDED that the Defendants' Motion to Alter or Amend (Docket № 7857) as respects Article II, ¶2(b) and Article III, ¶2(a) be DENIED.

Objections to this Report and Recommendation must be filed with the Clerk of Court by March 27, 2006. Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 16th day of March 2006.

/s/ C. A. González
SPECIFIC MASTER