IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY REYNOLDS, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:85cv665-MHT |
| ALABAMA DEPARTMENT OF | ) | (WO) |
| TRANSPORTATION, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

OPINION AND ORDER

After an independent and de novo review of the record, it is the ORDER, JUDGEMENT and DECREE of the court as follows:

(1) The defendants' objections (doc. no. 8053) are overruled.

(2) Special Master Carlos González recommendation (doc. no. 8042) is adopted.

(3) The plaintiffs' motion to recover funds (doc. no. 7752) is granted.

(4) It is DECLARED that the appropriate interest rate to apply to the grievance and contempt settlements is 3.5 %.  Therefore, the plaintiffs are entitled to $ 74,552.95 in interest improperly deducted from the grievance settlement for an alleged overpayment of interest on the contempt settlement.  The plaintiffs are also entitled to $ 55,250.23 in interest under the grievance settlement.  Finally, the plaintiffs are also entitled to interest from April 28, 2004, at the rate of 3.5 % on the unpaid sum of $ 129,803.18 ($ 74,552.95 + $ 55,250.23).

(5) The defendants' motion for summary judgement (doc. no. 7932) is denied as moot.

* * *

The court adds these comments: The defendants argue that the interest rate at issue here should be governed by 28 U.S.C. § 1961.  28 U.S.C. § 1961(a) provides that, "Interest shall be allowed on any money judgment in a civil case recovered in a district court."  The statute

further provides that the appropriate interest rate is fixed to the treasury bond rate, id., which was 2.6 % at all times relevant here.  The defendants do not appear to be arguing that plaintiffs and defendants agreed to apply § 1961(a) as the interest rate; instead, the defendants appear to be contending that the court must resolve the ambiguity by looking to § 1961(a).

The defendants' argument is flawed because § 1961 does not apply to settlements.  Although the case law on this point is sparse, the only cases the court has found on point all hold that § 1961 does not apply to settlements approved by the court.  In re Ivan Boesky Securities Litigation, 913 F.Supp. 256, 260 (S.D.N.Y. 1996); Kincaide v. General Tire and Rubber Co., 540 F.Supp. 115 (W.D. Tex. 1982), rev'd on other grounds, 716 F.2d 319 (5th Cir. 1983); In re Connaught Properties, 176 B.R. 678, 685 (Bankr. D. Conn. 1995).  Kincaide is representative and provides a concise explanation, based

on principles of statutory construction, of why this is so:

> "[Section 1961] extends only to 'money judgments' that are 'recovered' in a district court. Although court-approved settlement agreements may often involve the payment of money, court-approved settlement agreements, though reduced to judgment in some cases, represent not the court's own judgment or that of a jury, but rather the parties' compromise of the lawsuit put in writing. Nor can an amount of money paid according to the terms of a court-approved settlement agreement reasonably be considered to have been 'recovered' in a district court, since no adjudication of the suit culminating in recovery occurs in a settlement situation. In sum, it is this Court's view that § 1961 is intended to allow postjudgment interest on money awarded by a judge or jury after litigation. Thus, the Court holds that § 1961 was not intended to apply and will not be interpreted to extend to court-approved settlement agreements."

540 F.Supp. at 121. The court finds this reasoning persuasive, and the defendants have offered no compelling reason to conclude otherwise.

The defendants nonetheless attempt to distinguish these cases because all involved the determination that

4

a party could not use § 1961 to force another party to pay interest on a settlement award, and do not address what interest rate should apply if the parties merely agree that interest should accrue on a settlement but do not specify the rate. This argument is plainly illogical. Section 1961 either applies to settlements or does not. These courts held that § 1961 cannot be invoked to force a party to pay interest on a settlement because § 1961 does not apply to settlement agreements; the interest provision the defendants invoke is part of § 1961 and the instant case involves a settlement. Therefore, these cases are directly on point, standing for the proposition that § 1961 does not apply to this settlement. A necessary corollary of this conclusion is that the settlement can include interest payments at a rate outside that mandated by § 1961.

Not only is the defendants' position contrary to the natural and plain reading of § 1961, but their attempt to stretch § 1961 to reach settlement agreements also runs

afoul of the basic principles of contract, which govern settlement agreements.  It is axiomatic that "parties may contract as they wish, and courts will enforce their agreements without passing on their substance." Restatement Second of Contracts, Chapter 8, Introductory Note.  The defendants acknowledge that interest was a bargained-for provision of the settlement agreement, but that the rate was not specified.  Thus, they implicitly concede that the parties could have agreed not to include interest as part of the settlement.

Yet, § 1961 is mandatory in its language, ("Interest shall be allowed ... ").  There are strong policy grounds for requiring interest on judgments awarded after litigation:  If a jury or judge imposes a judgment against a party, it would be inequitable not to award interest to the prevailing party because failure to do so would reward the other party for wrongfully withholding payment.  Indeed, this likely explains why the Eleventh Circuit has expanded § 1961 to require pre-judgment

6

interest, not just post-judgment interest.  See McKelvy v. Metal Container Corp., 854 F.2d 448, 453 (11th Cir. 1988).

A settlement, however, is different because it is a compromise between the parties.  The parties may settle for less or pay more in settlement than they believe they should, often because of the uncertainties of litigation, concerns over weaknesses in their case, or a desire to end the matter quickly.  Among the factors that may be bargained for in settlement are interest; the settlement process involves negotiations and compromise, and each party has an opportunity to advocate for interest to be included or not in the final settlement.  Thus, it is illogical to allow a party to use § 1961 to recover interest on a settlement: If § 1961 governed settlements, a party could negotiate the settlement, not seek interest, and then come in after the fact and try to force the other party to pay beyond what was bargained for.

Accordingly, the court concludes that it would be inconsistent with the policies underlying contract, namely the principle of freedom to contract, to apply § 1961 to settlement agreements. To be sure, some contract provisions may be voided as contrary to public policy, Restatement Second of Contracts, Chapter 8, Introductory Note ("Sometimes, however, a court will decide that the interest in freedom of contract is outweighed by some overriding interest of society and will refuse to enforce a promise or other term on grounds of public policy."), but this court has no difficulty concluding that bargaining not to include interest in a settlement or bargaining to use an interest rate other than the federal treasury bond rate (which is itself an arbitrary figure) for interest on a settlement does not rise to the level of being an agreement that is contrary to public policy. See generally 15 Corbin on Contracts, chs. 79-89 (2003 ed.) (descriptions of the recognized categories of contracts contrary to public policy).

Based on the relevant case law, the plain meaning of § 1961, and principles of contract law, the court concludes that the parties can agree, in settlements, to include or to not include interest on any payment and can agree to use any rate of interest should interest be included, including but not limited to the rate of interest specified in § 1961. Accordingly, the ambiguity as to the rate of interest to be applied in the contempt and grievance settlements is not automatically to be resolved by reference to § 1961.

The defendants also object that the special master's recommendation was inappropriately based on parole evidence. However, the special master appropriately found that the agreement between the parties was ambiguous as to the rate of interest, and did not err in looking to the subsequent conduct of the parties. Restatement Second of Contracts § 203(b) (noting that subsequent conduct is given greater weight in

9

interpreting an agreement than anything but the express terms of the agreement).

The defendants further argue that no one with authority to authorize the payment of a 3.5 % rate of interest approved that rate. The defendants submit affidavits from three individuals with the authority to make this decision, all of whom indicate that they did not approve this rate of payment. However, the Assistant Director or Finance's deposition indicates that the ultimate payment (including the interest at the 3.5 % rate) could not have been made if one of them did not approve it. Nonetheless, a check, including a payment of a 3.5 % rate of interest, was issued. Thus, someone with the authority to approve the payment must have at least implicitly approved the payment of a 3.5 % rate of interest.

Finally, the defendants contend that the Special master's recommendation inappropriately relies on estoppel, which cannot be applied against a government

defendant.  Even if this is so, the general rule is that estoppel may not prohibit a government defendant from correcting a "mistake of law."  <u>First Nat'l Bank of Montgomery v. United States</u>, 176 F.Supp. 768, 772 (M.D. Ala. 1959), <u>aff'd</u>, 285 F.2d 123 (5th Cir. 1961). However, the mistake here was not a mistake of law. Instead, the mistake was simply the defendants' failure to pay the proper rate of interest of 3.5 %.

   DONE, this the 27th day of October, 2006.


                              ___/s/ Myron H. Thompson___
                              **UNITED STATES DISTRICT JUDGE**