IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHNNY REYNOLDS, et al.,      )
                              )
     Plaintiffs,              )
                              )
     v.                       )      CIVIL ACTION NO.
                              )      2:85cv665-MHT
ALABAMA DEPARTMENT OF         )          (WO)
TRANSPORTATION, et al.,       )
                              )
     Defendants.              )
```

## OPINION AND ORDER

The court now has two matters before it:  The first matter is Special Master Carlos González's report on the defendants' motion for finding of compliance with Article XIX.  Because the only areas of dispute among the parties centered on ¶¶ 4 and 7 of Article XIX, the recommendation addressed only these to paragraphs.  The second matter before the court is the defendants' oral motion to modify parts of ¶ 7.  The defendants object to the report as to ¶ 7 and the plaintiffs object to the oral motion to modify.  After an independent and de novo review of the entire record relating to Article XIX, the court finds

that the objections to the report and the oral motion are

meritless.


## I.   PARAGRAPH FOUR

In his report, the special master recommended as to

¶ 4 of Article XIX,

> "that the Defendants be found in
> compliance with the requirements of
> Article XIX, ¶ 4, except the reporting
> provisions required by §§ II(L) and (Q)
> of the Joint Reporting Appendix.  It is
> further recommended that the Defendants
> take the simple steps necessary to bring
> them into compliance with §§ L and Q."

The defendants, the plaintiffs, and the intervenors have

filed no objections to this part of the report.  However,

the defendants maintain that, since entry of the

recommendation, they have complied with the § II(L) and

(Q) reporting requirements.   There being nothing in the

record to indicate that they have not complied with these

requirements, the recommendation is due to be adopted,

albeit with the modification that the defendants are to

be found wholly in compliance with Article XIX ¶ 4.

2

## II. PARAGRAPH SEVEN

### A. Background

Paragraph 7 of Article XIX compels the Alabama Department of Transportation to develop an "enhanced" grievance procedure to govern the processing of "all discrimination complaints."  The parties developed such a procedure, called the Revised Complaint Procedure ("RCP").  This court approved that procedure on August 9, 1995; by an order on that day, Transportation Department was enjoined and restrained from failing to comply with the requirements of the RCP.  The RCP, although later developed, was incorporated into the consent decree. Reynolds v. Roberts, 207 F.3d 1288, 1300 (11th Cir. 2000).

The language of the RCP is quite broad.  In addition to governing "all complaints," the RCP has a sweeping definition of "grievance."  Under the RCP, a "grievance" is "an alleged wrong based on the employee's race, color, creed, sex, national origin, age or handicap."  Further,

3

"any matter concerning alleged violations of the consent decree or arising from or concerning matters that are the subject of the consent decree, will be admitted for adjustment" under the procedure.

The RCP grievance procedure has four parts, or "steps". In step one, the grievance is submitted to a supervisor, unless the supervisor is the subject of the grievance. If the supervisor is the subject of the grievance, the grievance is appropriately directed to the Transportation Department's Equal Employment Opportunity monitor. The supervisor or monitor, in turn, responds in writing with a proposed resolution. If the grievant does not accept this initial resolution, the grievance is submitted to the monitor, who also proposes a solution. If this solution is also unacceptable to the grievant, he will be provided a formal hearing, conducted by an Transportation Department "Hearing Officer." If the matter is still not resolved, then, at step four, either party may seek arbitration before "an external

**4**

arbitrator." Incidentally, this procedure is not the only means of redress; a grievant may instead file an "administrative charge or separate legal action."

Returning to the dispute here, the plaintiffs and intervenors claimed that the defendants were in violation Article XIX because, despite the sweeping language of RCP, the Alabama Department of Transportation has refused to employ the process in resolving grievances brought against co-defendant state agency, the State Personnel Department. The Transportation Department, in response, argues that the grievance procedure cannot apply to the Personnel Department, because Article III of the consent decree and state law would prohibit it. Article III expressly precludes the Transportation Department from involvement in relevant aspects of the functioning of Personnel Department. It provides that, "Except to the extent that service ratings are a component of the examination, all examinations shall be administered by [the Personnel Department] without involvement of [the

Transportation Department], including the scoring, ranking, evaluating, grading or assessing of applicants." In addition, the Transportation Department has no authority under either the consent decree or state law to compel the Personnel Department to take any action. Because, in the context of a grievance by a Transportation Department employee against the Personnel Department, success at either step one or step two would involve a Transportation Department employee or administrator compelling action by the Personnel Department, the Transportation Department argues that application of the procedure to Personnel Department is not possible.

Indeed, no party argues for the application of the procedure, in full, to the Personnel Department; the plaintiffs suggest that only steps three and four apply to Personnel Department-based grievances, or, in the alternative, that the Personnel Department administer the first two steps. All parties seem implicitly to agree

6

that wholesale application of the RCP would be unworkable.

Special Master González, upon referral of the compliance motion, found that compliance, here, is potentially a two-part inquiry: First, it is necessary to determine whether the grievance procedure set forth in the consent decree applies to the Personnel Department; and, second, assuming that the answer to this question is "yes," it is necessary to determine whether the decree is impracticable and should be modified.  This court agrees with the special master's insight into the ordering of the questions in the case, and his conclusions on the resolution of the first question.  However, because the parties did not explicitly argue modification before the special master, but, instead, raised it at oral argument on this matter, this court addresses the modification question somewhat differently.

## B.  Discussion

### 1.  The language of the RCP and
its application to the Personnel Department

The first task for the court is to determine whether the grievance procedure set forth in the consent decree applies to the Personnel Department.  If it does not, the defendants are in compliance, and the court need go no further.

The special master concluded that the language of the RCP clearly applied to the Personnel Department; the RCP, by its express terms, applies to "any matter concerning ... a violation of the consent decree," arising from or relating to "the subject of the consent decree."  The special master rightly pointed out that the Personnel Department is responsible for the implementation of provisions of the consent decree; thus, it may be responsible for violations of the decree.  It is, in any event, certainly amenable to complaints under this language.  The court would only note, in addition, that the express terms of a contract are the first resort in

8

interpreting its meaning.  Rest. 2d Contracts § 203(b).
The defendants' arguments that they would have written
the Personnel Department into the RCP, had the RCP been
intended to apply to the Personnel Department, are not
well-taken: on the face of the RCP, they did.  The court
cannot view the defendants' purported omission as more
important to the interpretation of the provision than the
express terms both parties agreed upon.

In the same vein, the defendants point out that, if
the RCP is thought to apply to the Personnel Department,
an inconsistency between parts of the decree and an
additional inconsistency between the decree and state law
plagues the decree.  This is certainly true, and
relevant, but does not demonstrate that this court should
interpret the agreement in derogation of its express
terms.  While "an interpretation which gives ...
effective meaning to all the terms is preferred," Rest.
2d Contracts § 203(a), where this is not possible, the
inconsistency "should be dealt with directly, rather than

**9**

by spurious interpretation." Id. § 203, comment.  Here,
the court would have to strain to exclude the Personnel
Department from the express language of the RCP; to do so
would constitute spurious interpretation.


## 2.  Modification of the RCP

Thus, the court turns to the defendants' motion to
modify.  The defendants argue that the consent decree and
grievance procedure should be modified to explicitly
exclude claims against the Personnel Department, because
the conflict between provisions of the consent decree is
an "unforeseen circumstance" that justifies amendment of
the consent decree.  They seek a modification of the
consent decree that would make clear that the grievance
procedure does not apply to complaints against the
Personnel Department.

### a.  Standard for modification

Modification of a consent decree, like modification of any judgment or order, is formally governed by Rule 60(b) of the Federal Rules of Civil Procedure. <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367, 378 (1992). Rule 60(b) authorizes a court to modify a final judgment or court order at any time if it finds that "the judgment has been satisfied, ... or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or [for] any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(5)-(6). Interpreting this language, the Supreme Court's decision in <u>Rufo</u> established a two-part standard for determining when modification of such decrees is appropriate. <u>Rufo</u>, 502 U.S. 383-84.

First, the party seeking modification of the decree "bears the burden of establishing that a significant

11

change in circumstances warrants revision of the decree."
Id. at 383.  However, this requirement "is interpreted
flexibly, and different sorts of factual changes may
qualify    as    changed    circumstances    permitting
modification."  Reynolds v. McInnes, 338 F.3d 1221, 1226
(11th Cir. 2003).

The party may satisfy this initial burden "by showing
either a significant change in factual conditions or in
law."  Rufo, 502 U.S. at 384.  The Eleventh Circuit
identified several situations in which a significant
change in factual conditions could warrant modification
of a decree.  Modification could be appropriate where a
change in conditions has made compliance with the decree
"substantially more onerous."   Reynolds, 338 F.3d at
1226.  Modification could also be appropriate "when a
decree   proves   unworkable   because   of   unforeseen
obstacles," or "when enforcement of the decree without
modification   would   be   detrimental   to   the   public
interest."  502 U.S. at 384.  In addition, modification

12

of the decree may be appropriate where there has been an intervening change in the governing law, such that one or more of the obligations the decree imposes upon the parties has been made impermissible under federal law or, conversely, where the law has changed to make legal what the decree was designed to prevent.   Id. at 388.

Second, if the moving party meets this standard, the court then considers "whether the proposed modification is suitably tailored to the changed circumstance." Id. at 383.   Any modification to the decree must be directly responsive to the problem created by the changed circumstances.   The Rufo Court recognized that, in applying this two-part standard, a court must take into consideration the effect of the proposed modifications on the underlying purpose of the consent decree.  Where the defendant requests a modification that is clearly designed to further the goals of the decree, for example, the court may be more flexible in its application of the two-part test.   Id. at 381 n. 6.   Similarly, if the

13

proposed modification concerns only minor details of the decree and does not affect the decree's purpose, the court may forgo application of the <u>Rufo</u> standard altogether. <u>Id</u>. at 383 n. 7. On the other hand, if the modification would in any manner frustrate or undermine the decree's purpose, the court must proceed with extreme caution in reviewing the justification for the proposed changes. <u>Id</u>. at 387.

         b. Should modification be granted?

The defendants contend that the grievance procedure is unworkable in a way that was unforeseen at the time of the drafting of the complaint procedure. This is a reason to modify a complaint under <u>Rufo</u>. "[T]he fact that a provision of a consent decree has proven to be unworkable is itself a 'significant change in circumstances.'" <u>Reynolds v. McInnes</u>, 338 F.3d 1221, 1228-29 (11th Cir. 2003) (internal citations omitted). This is so, based on the facts of <u>Reynolds</u>, even when the

**14**

unworkable provision is unworkable only in the context of
the remainder of the consent decree.

In <u>Reynolds</u>, the court considered provisions of the
consent decree relating to the so-called "no-overlap"
provision. The consent decree also called for the
development of minimum qualifications that were valid
under the Uniform Guidelines on Employee Selection
Procedures. Unfortunately, experts were unable to
reconcile the two provisions; after reasonable, good-
faith efforts, the parties failed to develop minimum
qualifications that were valid and did not conflict with
the "no-overlap" provision. <u>Id</u>. at 1229-30. The
court in <u>Reynolds</u> allowed modification of the decree,
because the development of the minimum qualifications was
otherwise unworkable.

A similar situation has developed here; the consent
decree gives the Transportation Department no power to
order Personnel Department compliance with its decisions,
yet, because the RCP applies to the Personnel Department,

**15**

effective implementation of the grievance procedure would require Personnel Department compliance with Transportation Department orders.

As to whether this "change" was foreseeable, while <u>Rufo</u> provides that modification is rarely appropriate where a change is circumstances was actually foreseen, <u>Rufo</u>, 502 U.S. at 384-5, "[a] change in circumstances need not have been unforeseeable." <u>Wyatt, by and through Rawlins v. King</u>, 803 F.Supp. 377, 384 (M.D. Ala. 1992) (Thompson, J.). The conflict between Alabama law and Article III of the consent decree, on one hand, and the grievance procedure, on the other, appears to have been wholly unforeseen by the parties, although it was foreseeable; the sweeping language of the provision appears to have been a mistake.[1]

---

1. However, the conflict between Alabama law and the consent decree does not necessarily compel modification of the consent decree. <u>See</u>, <u>e.g.</u>, <u>Hook v. Arizona</u>, 907 F.Supp. 1326, 1342-3 (D. Ariz. 1995) (holding that only federal law can compel modification of a consent decree under <u>Rufo</u> where the consent decree secures federal rights), <u>aff'd</u>, 107 F.3d. 1397, 1402 (9th Cir. 1997); <u>see also</u> <u>Brinn v. Tidewater Transp. Dist. Com'n</u>, 242 F.3d

That this conflict was unforeseen is demonstrated by the parties' positions at this juncture.  The plaintiffs' argument that they bargained for, and are entitled to, the application of the RCP to grievances against the Personnel Department is belied by the fact that even they do not advocate for the application of the entire procedure.  Instead, they advocate for the applicability of only those aspects of the procedure that do not conflict with Article III of the consent decree and Alabama law: they argue that only steps three and four of the grievance procedure should be employed where a complaint is against the Personnel Department.  They argue in the alternative that SPD should implement the first two steps.  It is also not clear why the Transportation Department would have agreed to include the language; it has no authority to provide a remedy to

---

227, 233-4 ("A state statute that thwarts a federal court order enforcing federal rights 'cannot survive the command of the Supremacy Clause." (internal citations omitted)).  Rather, the conflict is evidence that application to the Personnel Department was unforseen.

grievants against the Personnel Department, and the Transportation Department's inability to provide a remedy to grievants can only prolong the litigation against it.

As to the workability of the procedure, the plaintiffs do not claim that it can work without modification. The Transportation Department can provide no remedy to grievants where the procedure is successful at step one or step two, and the consent decree provides that the Transportation Department cannot have input into Personnel Department functions likely to be the locus of grievances. In short, if the process works the way it should, it is self-defeating: solutions are proposed and accepted, with no way of being implemented. The procedure is thus not workable.

In short, that the procedure as a whole benefits neither party, and the fact that no party advocates the implementation of the procedure as it was written suggest that its infeasibility was unforeseen within the meaning of Rufo.

The court must next inquire into the scope of the proposed modification and its relation to the purpose of the decree. <u>United States v. City of Miami</u>, 2 F.3d 1497, 1504-05 (11th Cir. 1993). Where the provision that the moving party seeks to modify is "central" to the decree, modification is disfavored. However, "[i]f ... the decree term at issue merely sets out one of several means of accomplishing the purpose of the decree or one of several means of measuring compliance with the decree's objective, then the requested modification is not necessarily prohibited." <u>Id</u>.

Paragraph 6(d) of Article XIX expresses the intent and purpose of the consent decree:

> "It is the intent and purpose of this Decree to undo the effects of the past practices which have been the subject of this case and Decree and to prevent further practices which may perpetuate such eff[ects] or otherwise discriminate against the plaintiffs or the class they represent. To the extent that this Decree fails to achieve the intent and purpose for which it has been entered, the parties may seek further relief from the Court."

19

Certainly, resolution of grievances arising under the decree is central to the purpose of the decree; the grievances concern enforcement of the promise of the eradication of discrimination. However, the particular procedure set forth by the RCP is only one way of accomplishing the purpose of the decree.

An alternative grievance procedure which employs state law--which defendants advocate--exists for complaints against the Personnel Department. 1975 Ala. Code §§ 41-22-12 through 41-22-20. The only difference between the two procedures noted by the parties is the absence of special arbitrators in the state-law grievance process.

The defendants seek to replace the RCP with the Alabama state-law procedure, or, put differently, to exclude complaints against the Personnel Department from the grievance procedures set forth in the RCP. The plaintiffs do not contend that the Alabama state procedure would result in the use of different law, or

that the rights granted them pursuant to substantive provisions of the consent decree would be unavailable without using the RCP to resolve Personnel Department-based grievances. Rather, the plaintiffs' opposition to the state's grievance procedure seems to be a pragmatic one: It appears that the plaintiffs feel that the state process is inferior because it is insufficiently "streamlined" and "low cost." However, it has been established that, as currently constituted, the RCP is unworkable. Because the RCP is unworkable, substantial changes would need to be made to the process in order to implement it. The process, therefore, can neither be called "streamlined" nor "low cost."

The same problems plague the plaintiffs' arguments about how the decree should be modified. The plaintiffs argue that, if the court should accept that the decree must be modified, one of two procedures should be employed. First, they argue, the Personnel Department should implement steps one and two of the RCP, or,

second, and in the alternative, the first two steps of the procedure should be skipped.  This, according to the plaintiffs, would constitute narrow tailoring of the modification.

However, if the Personnel  Department were to implement  the first two steps of the procedure, this court and the parties would have to fashion new and different procedures that would, this time, include the Personnel Department.   If this litigation teaches anything, it teaches that fashioning new and different procedures, in particular grievance procedures, would be time consuming and costly--especially with all the litigation over the procedural disputes that would surely follow.  Skipping the first two steps would not be helpful either.   As required by the RCP, the parties (this time including the Personnel Department) would have to agree upon new hearing officers and arbitrators. Again, this case teaches that getting the parties to agree upon such an important matter would be time

consuming and costly and the likelihood of further litigation would be great.

In contrast, the court has before it well-established, state-sanctioned procedures that are ready to be put into place <u>today</u>. When the plaintiffs' proposed modifications (with the time-consuming and costly negotiations and litigation that will surely attend them) are placed along side the already-existing state procedures, the plaintiffs' modifications are far from narrowly tailored.


## C.   CONCLUSION

Although the RCP, on its face, applies to the SPD, ¶ 7 and the RCP, as written, have proven to be unworkable. The proposed modification, that grievances brought against the Personnel Department be excluded from the scope of the RCP, and resolved using the Alabama Administrative Procedures Act process, would protect the purpose of the decree as effectively as the plaintiffs'

**23**

proposed resolution.   However, the court is concerned about those grievances against the Personnel Department under the RCP that the Transportation Department did not pursue.   Defense counsel, at oral argument, agreed that these complaints would not be barred by time or by having been filed pursuant to the wrong procedure.[2]   With that understanding, the defendants' motion to modify the RCP will be granted.   As a result of this modification, the defendants will be considered in compliance upon implementation of the modification.   The special master's report will therefore be adopted with respect to ¶ 7 of Article XIX, albeit with modification.

Accordingly, it is ORDERED as follows:

(1) The defendants' objections (Doc. No. 8087) are overruled.

(2) The plaintiffs' objections (Doc. No. 8140) are overruled.

---

2.   On-the-record conference call, November 14, 2006.

(3) Special Master Carlos González's report (Doc. No. 8072) is adopted as modified.

(4) The defendants' oral motion to modify is granted.

(5) The defendants' motion for a finding of compliance (Doc. No. 7457) is granted as to Article XIX ¶ 7, as follows: The defendants, after conferring with and receiving input from the plaintiffs and the intervenors, are to submit to the court, within seven days, for the court's approval a plan for expeditiously processing the grievances against the State Personnel Department pursuant to state law, without the grievances being barred by time or barred for having been filed pursuant to the wrong procedure.

(6) The defendants' motion for a finding of compliance (Doc. No. 7457) is granted in all other respects as to Article XIX, including ¶ 4, and it is declared that the defendants are fully in compliance with

Article XIX subject to the additional implementation of

¶ 7 as indicated in the preceding paragraph.

DONE, this the 6th day of December.

_____ /s/ Myron H. Thompson _____
UNITED STATES DISTRICT JUDGE