IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

CIVIL ACTION NUMBER
85-cv-665-MHT
**Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

## REPORT AND RECOMMENDATION ON
## INTERVENORS' FIFTH MOTION FOR FEES AND EXPENSES

### I

Before the Special Master is the Intervenors' Fifth Motion for an Award of Fees and Expenses. Docket № 8122. The basis for an award of fees and expenses to the Intervenors has been exhaustively examined by the Court and the Special Master and there is no need to repeat here again. See generally, Docket № 7824, 7908, 7909, 8034, and 8092.

The Intervenors seek fees in two broad categories. In the first category, the Intervenors seek approval of fees and expenses for the period May 1, 2006, through September 30, 2006. The fees and expenses sought for work during this time are

$14,113.85.  Id., at Exhibit 4.  In the second category, the Intervenors request a total of $23,010.00 in fees related to work on Article XIV compliance.  Id., at Exhibit 5.  Fees in this category cover the time between January 2005 and September 30, 2006.  The consideration of Article XIV fees had been previously deferred pending the Court's final determination regarding the status of the Defendants' compliance with the Article.  On November 1, 2006, the long saga of Article XIV was finally over when the Court found ALDOT in compliance with the Article's last remaining provisions.  Docket Nº 8134.

Upon reviewing the Intervenors' fee and expense request for the period May through September 2006—the first category—the Defendants voluntarily agreed to pay the full amount sought, $14,113.85.  Docket Nº 8127 at 2.  There are no outstanding issues with respect to payment of fees and expenses in this category.  Regarding the $23,010 in fees related to Article XIV,  ALDOT has agreed to pay 60% of the requested fee, but has refused to pay the balance.

> ALDOT contests payment in full for the Intervenors' work on Article Fourteen for two reasons.  First, the [hours claimed are] excessive.  Second, considering the factor of degree of success, a reduction of the fee request for work on this issues is warranted.  After considering these two factors, ALDOT believes that Intervenors' fees for work on Article Fourteen should be reduced by 40%.  Docket Nº 8127 at 2.

ALDOT has paid the Intervenors $13,806 of the requested $23,010 for work on Article XIV.  Id., at 6.  The full amount in dispute between the parties in the current fee petition is therefore $9,204.

**II**
**A**

Of the $9,204 withheld by the Defendants, $7,542.50 is for the period from January 1, 2005 to March 28, 2005.  Docket Nº 8127 at 3-4.  According to the Defendants, essentially no activity with respect to Article XIV took place during this time.  The Intervenors, of course, have a different take.

The litigation involving compliance with Article XIV stretches back to May 27, 2003, when the Defendants sought from the Intervenors and Plaintiffs a stipulation of compliance.  Docket Nº 6775.  No stipulation was forthcoming and the Defendants then filed a motion for a finding of compliance with Article Fourteen (Docket Nº 7453) that was referred to the Special Master on October 26, 2004.  Docket Nº 7517.  Thereafter, significant litigation followed.  The events immediately relevant to the January through March 2005 period are described by the Intervenors as follows:

> On January 4, 2005, the Court ordered the parties to show cause why the defendants' motion to suspend fines on Article Eight, Fourteen and Nineteen should not be granted. Docket Nº. 7620. On January 10, 2005, the intervenors submitted their show-cause response indicating that the intervenors did not oppose defendants' request that fines be suspended on Article Fourteen, Eight and Nineteen. Docket Nº. 7631. On March 31, 2005, the Special Master issued notice to the parties of a briefing schedule on Article Eight and Fourteen compliance and required the parties to indicate whether a hearing would be necessary on Article Fourteen with the defendants' brief due April 7, 2005, the plaintiffs' and intervenors' reply due April 14, 2005. Docket Nº. 7713.

Docket Nº 8132 at 2.

The Intervenors contend that the time spent on Article XIV compliance "reasonably reflects their efforts to respond to the fine suspension issue and to begin preparation for a hearing and further argument before the Special Master on Article Fourteen compliance." Id. at 3. The Defendants' position is essentially that since there were no pleadings, hearings, or documents of any moment produced during the three-month period related to Article XIV, that it would be improbable that the Intervenors could have expended the almost 43 hours of time they claim. Id.

Given the unsettled nature of Article XIV at the time, and the strong possibility that a hearing was to be held, it is neither unreasonable nor excessive that the Intervenors spent 43 hours on Article XIV issues between January 1, 2005 and March 28, 2005. This is particularly so because of the reams of information and documents amassed related to Article XIV.

**B**

The Defendants also claim that the Intervenors' fees for work on Article XIV should be reduced to reflect the limited degree of their success. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)("We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. . . . "[W]here the plaintiff achieved only a limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained").

The Defendants make two arguments regarding the Intervenors' alleged lack of success with respect to Article XIV. First, "to the extend . . . the Intervenors advocated

4

the blanket elimination of out-of-classification assignments, they did not prevail[.] " Docket № 8127 at 4.  Second, the Intervenors "overstate their role in Defendants' achievement of compliance with the EDP component of Article Fourteen."  Id. at 5.

While the Intervenors may have unsuccessfully advocated the end of all out-of-classification assignments, they were nevertheless successful is resisting the Defendants' motion for summary judgment. See id. at 16 ("Because there is no evidence before the Special Master from which it can be determined whether ALDOT has eliminated, to the extent practicable, the advantages for promotion and reclassification that may inure to the benefit of employees working out of classification, recommending that summary judgment be granted with regard to Article XIV ¶2(b) is inappropriate at this time").  By doing so, they vindicated an important provision of Consent Decree.

The recent litigation involving out-of-classification assignments was reasonable and necessary "as measured by the standard articulated in Hensley 'that requires balancing the amount of effort against plaintiffs' overall success.'"  Wyatt v. Sawyer, 67 F.Supp. 2d 1331, 1344 (M.D. Ala 1999).

The Intervenors' efforts with respect to ensuring that ALDOT properly implemented the EDP is also activity that should be compensable.  Because of the Intervenors' actions, the Defendants continued to correct deficiencies in the EDP that made a finding of compliance impossible at the time the Defendants initially requested it.  The deficiencies corrected were those pointed out by the Intervenors.   As late as April 24, 2006, the Defendants submitted evidence concerning the EDP and their continued

efforts at compliance.  The Intervenors' work regarding the EDP was both reasonable and necessary to securing compliance with Article XIV.  The payment for these services is not disproportionate to the success achieved.

### III

**ACCORDINGLY**, it is RECOMMENDED that the Intervenors' Fifth Motion for an Award of Fees and Expenses, Docket Nº 8122, be GRANTED and that the Intervenors receive an additional $9,204 in fees for work performed on the Article XIV compliance motion, the balance having previously been paid by the Defendants.

Objections to this Report and Recommendation must be filed with the Clerk of Court by January 23, 2007.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED  this 8th day of January 2007.


/s/ C. A. González
SPECIFIC MASTER