IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

      Plaintiffs,

                                 CIVIL ACTION NUMBER

v.                                  85-cv-665-MHT
                                  **Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

      Defendants.

## REPORT AND RECOMMENDATION ON THE INTERVENORS' SIXTH MOTION FOR FEES AND EXPENSES

**I**

Before the Special Master is the Intervenors' Sixth Motion for an Interim Award of Fees and Expenses. Docket № 8194. The basis for an award of fees and expenses to the Intervenors has been exhaustively examined by the Court and the Special Master and there is no need to repeat that basis here. See generally, Docket № 7824, 7908, 7909, 8034, and 8092. In total the Intervenors seek $5,920.21 in fees and expenses. Docket № 8194 at 7.

The fact that the Consent Decree has expired does not change the Intervenors' status as prevailing parties for purposes of this and future fee

petitions, provided that future fee petitions involve unresolved <u>Reynolds</u> issues.
Many, but not all, of the unresolved issues require the Intervenors' attention, and
their entitlement to recovery of fees will depend on the ultimate outcome of the
disputed issue.

## II

The Defendants have objected to the Intervenors' motion for fees and
expenses in its totality. They are alleging that the Intervenors should not be paid
for monitoring compliance with a Consent Decree and a 2000 contempt order that
are no longer in effect.  Docket Nº 8208 at 1.  The Defendants have not contested
any of the individual time entries, but point to the following statement in the
Intervenors' motion to support their general objection to paying fees:

> The fees and expenses set forth herein reflect time
> spent and expenses incurred by counsel for the
> intervenors in monitoring and enforcing the consent
> orders in this case, and most particularly the 1994
> consent decree and the 2000 contempt order. The work
> performed and expenses incurred in monitoring and
> enforcing the defendants' compliance under these
> orders were reasonably and necessarily expended as a
> part of representation of the intervenor class in this
> action, and specifically as a part of efforts to monitor and
> secure the defendants' full compliance with the decree
> and the contempt order.

<u>Id</u>. at 1-2, <u>quoting</u> Docket Nº 8194 at 7.

The Defendants have characterized the Intervenors' current  time
submission as reflecting monitoring activities and thus not compensable. <u>See</u>

2

Docket Nº 8208 at 3 ("ALDOT denies any obligation to pay the Intervenors for their services during January - April 2007, particularly since the Intervenors buttress their entitlement to compensation on the theory that they were monitoring and pursuing enforcement of consent/contempt decrees that were no longer in effect").  While the Defendants correctly argue that fees cannot be awarded for monitoring a terminated consent decree, the Intervenors' reported time does not involve monitoring.

The Intervenors' current motion for fees contain a significant amount of boilerplate language retained from earlier motions for fees and expenses where monitoring work comprised a significant portion of the claimed fee.  Compare Docket Nº 8194 with Docket Nº 8122 (Fifth Motion for Fees) and 8037 (Fourth Motion for Fees).  Part of the boilerplate language set forth in the current motion relates to the compensability of time spent monitoring compliance with the Consent Decree and other orders of the Court.  Nevertheless, the current time records submitted by the Intervenors do not reflect that counsel spent time monitoring compliance, but rather that their time was spent engaging in post-Consent Decree activities that are currently compensable with the exception of the time specifically noted below.

In January, the Intervenors' time sheets reflect time spent reviewing matters related to Article XIV fees, participating in the Court's scheduled status conference, and attending meetings with the Special Master.  This time is fully

compensable.  The 2.50 hours reported for February 2007 deal with matters related to previous fee petitions and are therefore compensable.  The 3.25 hours reported for March deal with the review of a status conference report, various orders of the Court, and issues related to the return of previously paid contempt fines.

Of the 3.25 hours spent in March, two of the hours were spent reviewing the Defendants' motions for a return of the contempt fines.  One hour of the two was spent by Mr. Fitzpatrick and the other hour was spent by Mr. Cooper.  The Intervenors have objected to the Defendants' efforts to recover previously paid contempt fines.  These two hours are not compensable, if at all, until the final resolution of the Defendants' motion.  Thus, $390.00 should be subtracted from the current request and held in abeyance.

The Intervenors have submitted a claim for 6.75 hours in April.  Six-and-half hours are for time spent exploring the possibility of an out-of-court resolution of the remaining issues.  Such a resolution does not appear possible, nevertheless, consistent with earlier reports and recommendations the time spent exploring out-of-court settlements should be compensable.

Mr. Fitzpatrick has an entry of 0.25 ($53.75) dated April 3, 2007, for review of the Defendants' claim for fees related to the Rosalyn Cook-Deyampert matter. This issue does not involve the Intervenors and so, the time spent reviewing the Defendants' claim should not be compensable.

4

The $353.92 in expenses sought is reasonable and should be paid.

### III

**ACCORDINGLY**, it is RECOMMENDED that the Intervenors' Sixth Motion for an Award of Fees and Expenses, Docket № 8194, be GRANTED IN PART and DENIED IN PART.  It is SPECIFICALLY RECOMMENDED that the Intervenors receive $5,122.54 in fees for services provided between January 2007 through April 2007.  The $390.00 in requested fees related to the Defendants' effort to recover contempt fines should be held in abeyance, and the $53.75 for time spent reviewing the Defendants' claim for fees related to the Rosalyn Cook-Deyampert issues should be denied.  It is FURTHER RECOMMENDED that the Intervenors received $353.92 in expenses.  In all, the Intervenors should receive $5,476.46 in fees and expenses for January 2007 through April 2007.

Objections to this Report and Recommendation must be filed with the Clerk of Court by July 2, 2007.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED  this 12th day of June 2007.


/s/ C. A. González_____
SPECIAL MASTER