```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

```
JOHNNY REYNOLDS, et al.,     )
                             )
    Plaintiffs,              )
                             )
    v.                       )   CIVIL ACTION NO.
                             )    2:85cv665-MHT
ALABAMA DEPARTMENT OF        )         (WO)
TRANSPORTATION, et al.,      )
                             )
    Defendants.              )
```

OPINION AND ORDER

This case is before the court on defendant Alabama Department of Transportation's objections to the special master's recommendation that the Adams intervenors should be granted attorney's fees for, among other things, their participation in, and preparation for, status conferences and settlement negotiations, although some unsettled issues may have been discussed in those activities. The department objects to this position on a variety of grounds, including the termination of the consent decree and the failure of the intervenors to establish success

on certain issues. The court agrees with the department inasmuch as it is clear that unsettled issues were the subject of, at least, some portion of the settlement negotiations and the intervenors' preparation for those negotiations.

The special master found that the activity of engaging in settlement discussions and status conferences, which is helpful and necessary to the case, should be fully compensable. While the court respects and appreciates the special master's heroic efforts to foster communication and resolve the issues that divide the parties, this court normally determines compensation on the basis of an agreement or the degree of success on issues, Dillard v. City of Greensboro, 213 F.3d 1347 (11th Cir. 2000), rather than by the importance of the activity engaged in by those claiming fees. As it is clear that the discussions and conferences included matters that are as yet unsettled, the intervenors' fee request must be remanded to the special master so that

the intervenors may recover fees on only those matters on which they prevailed or had a fee agreement.  The special master is reminded that, for those matters in which both unsettled issues and issues on which the intervenors were successful or had a fee agreement were involved, a line-by-line excision of hours may be impossible, and the special master may need to make an across-the-board percentage cut so as to award fees for only those issues for which fees are appropriate.  Cf. Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994); Laube v. Allen, 506 F. Supp. 2d 969, 981, 984 (M.D. Ala. 2007) (Thompson, J.).  Of course, the denial of feew for unsettled issues should be without prejudice, for the intervenors may yet be successful and thus entitled to fees on those issues.  Cf. id. at 1001.

   The court recognizes that the fees in dispute are small, especially in the context of the overall fees awarded in this litigation.  However, the legal dispute

is significant, and how the court resolves this issue could affect future fee requests substantially.

Accordingly, it is ORDERED as follows:

(1) Defendant Alabama Department of Transportation's objections (Doc. No. 8208 & 8231) are sustained.

(2) The special master's recommendation (Doc. No. 8216) is vacated.

(3) The Adams intervenors' sixth motion for interim award of attorneys' fee and expenses (Doc. No. 8194) is remanded to the special master for further proceedings consistent with this order.

DONE, this the 4th day of March, 2008.

          /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE