```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JOHNNY REYNOLDS, et al.,      )
                              )
    Plaintiffs,               )
                              )
    v.                        )    CIVIL ACTION NO.
                              )     2:85cv665-MHT
ALABAMA DEPARTMENT OF         )         (WO)
TRANSPORTATION, et al.,       )
                              )
    Defendants.               )
```

## OPINION

This case is currently before the court on the defendants' motion to amend the special master's referral orders so as to reallocate the costs of the special master's services among the parties.

### I. BACKGROUND

In August 2002, in response to motions from the Adams intervenors' and the defendants, the court found that "exceptional conditions justif[ied] the referral" of the approval of minimum qualifications to a special master. Order (Doc. No. 6096), at 7. Honorable Carlos González

was appointed as special master in October 2002, and his fees and expenses were to be paid by the defendants at a rate of $ 225 an hour.  Shortly thereafter, over the plaintiffs' objections, the court found that additional exceptional considerations supported referring 'individual contempt claims' to the special master and referred them to the special master as well.  The appointment of Special Master González was deemed necessary "to begin the steps necessary to move this case to its prompt and constitutional resolution."  Order (Doc. No. 6669), at 2.

More than four years later, in December 2007, the defendants have now moved to amend the orders referring matters to Special Master González by "fairly and prospectively allocating the costs of [his] services among the parties."  Defendants' motion to amend (Doc. No. 8255), at 1.

II. DISCUSSION

The defendants raise two related arguments in support of their motion.  First, they argue that amendment is warranted because of a change in circumstances: that the consent decree has expired and the defendants have been found in full compliance.  See Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367 (1992).  Second, they assert that the individual contempt claims remain unresolved because the plaintiffs, who do not pay the special master's fees and expenses, lack incentive to work for expeditious resolution.

A. Change in Circumstances

As grounds for their motion to amend, the defendants contend that "[t]here has been a fundamental change in the course of this litigation" since the appointment of the special master; namely, according to them, the consent decree expired on January 31, 2006, "after the Court found the parties in full compliance." Defendants'

motion to amend (Doc. No. 8255), at 5.  This argument overlooks the fact that the court specifically referred the individual contempt claims themselves, independent of any compliance issues, to the special master.  Order (Doc. No. 6669), at 2-3 ("it is ordered that Special Master Carlos Gonzalez shall also hear ... [t]he issue of whether any employees of the Transportation Department are entitled to further relief pursuant to" the plaintiffs' and intervenors' motions for contempt). There has been no change in circumstance with respect to the individual contempt claims that would warrant an amendment of the special master's referral orders, and as such the court declines, on the current record, to exercise its discretion to reallocate the costs of the special master's compensation.

### B. Frivolous Claims

The defendants' second argument rests not on any general inequity caused by the defendants' shouldering

the burden of the special master's compensation but on the plaintiffs' alleged lack of "incentive to limit their challenges to the proceedings."  Defendants' motion to amend (Doc. No. 8255), at 6.  The defendants argue that the other parties are prolonging the litigation by bringing frivolous claims and asserting frivolous arguments.  The defendants have not, however, provided the court with actual evidence that the plaintiffs and the intervenors have indeed repeatedly been asserting frivolous matters that unduly prolong the resolution of this case.  If the plaintiffs and the intervenors have injected frivolous matters into this litigation, the proper remedy is the traditional and more focused remedy of sanctions.  The defendants remain able to seek sanctions under Federal Rule of Civil Procedure 11.  See Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) ("The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to

5

deter costly meritless maneuvers.") (internal quotation marks omitted).

If the intervenors and the plaintiffs are repeatedly injecting frivolous matters into this litigation and if the court were to have a record of the pattern of such before it (evidence which is not before the court at this time), then that might be a changed circumstance that would warrant revisiting the overall allocation of the special master's cost among the parties.  The court therefore leaves open the possibility that, in the face of such pattern, a reallocation might be justified under Rule 11 or under some other principle of law.

The defendants submitted at oral argument on their motion that they should now be allowed to develop a record of such pattern.  The court rejects this argument for two reasons.  First, since, as explained below, their motion will be denied without prejudice, there is nothing to prevent the defendants from still developing a record of the injection of any frivolous matters as those

6

matters have been, and are being, considered by the special master and the court. Second, the court sees no need to complicate the litigation further by having a separate and parallel proceeding, including a hearing, on whether the other parties are injecting frivolous matters, when that issue can be litigated as part of the main proceeding anyway.

In conclusion, it is finally possible to glimpse a light at the end of the tunnel of this litigation, and the court will not tolerate the unfounded injection of matters that threaten to unduly prolong resolution. Therefore, the court is today denying the defendants' motion to amend, but without prejudice to the right of the defendants to seek reimbursement of the special master's costs on individual matters pursuant to Rule 11 where appropriate or to seek overall reallocation of the special master's costs because of a changed circumstance, demonstrated in the record, that another party is

7

engaging in a pattern of injecting frivolous matters into this litigation.

DONE, this the 27th day of October, 2008.

      /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE