IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JOHNNY REYNOLDS, et al.,       )
                               )
   Plaintiffs,                 )
                               )
   v.                          )   CIVIL ACTION NO.
                               )     2:85cv665-MHT
ALABAMA DEPARTMENT OF          )        (WO)
TRANSPORTATION, et al.,        )
                               )
   Defendants.                 )

## OPINION AND ORDER

This case is now before the court on the special master's recommendation that the defendants' motion to decertify the hiring class should be denied albeit with "reemphasis [on] the limited nature of the Hiring Class' certification as a subclass devoted to ensuring that the Defendants comply with the provisions of the Consent Decree that regulate ALDOT's hiring practices." Recommendation (Doc. No. 7756) at 10-11.

After an independent and do novo review of the record, the court agrees with the reasoning of the

special master, but, because there has now been a changed circumstance, that change being full compliance with the consent decree, cf. Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 384 (1992) (stating that the party seeking modification of a decree bears the initial burden of showing either a significant change in factual conditions or in law), the court concludes that, in the exercise of its discretion, it is time to decertify the hiring class; the court also believes that, at this stage of the litigation and in light of the other pending issues, it would be more efficient, as a general matter, for class members to litigate their claims separately, unless their claims are otherwise already being, or to be, litigated.

However, because decertification could have an immediate impact on the individual claims of hiring-class members (for example, the running of statutes of limitations), the court first wants input from the parties on how decertification should be made (for example, whether the hiring class should be giving notice

and, if so, how).  Cf. Birmingham Steel Corp. v. Tennessee Valley Authority, 353 F.3d 1331 (11th Cir. 2003) (stating that a district court that is about to decertify a class on the ground of inadequate representation by the named plaintiff must ensure that notification of that action is sent to the class members, in order that the latter can be alerted that the statute of limitations has begun to run again on their individual claims).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows

(1) The special master's recommendation (Doc. No. 7756) is adopted in part and rejected in part.

(2) The defendants' motion to certify (Doc. No. 5277) is granted to the extent that the hiring class will be decertified after the court has had input from the parties as to how decertification should be made.

     (3) On or before November 17, 2008, the parties are to file briefs on how the court should decertify the hiring class.

     DONE, this the 10th day of November, 2008.

                                          /s/ Myron H. Thompson  
                                        **UNITED STATES DISTRICT JUDGE**