IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

CIVIL ACTION NUMBER
85-cv-665-MHT
**Special Master González**

## REPORT AND RECOMMENDATION

### I

Before the Special Master is the Intervenors' "Motion for Partial Summary Judgment As To Liability Of Defendants To Provide Individual Contempt Relief Based Upon The Grievance-Related Claims of Six Intervenor Class Members." Docket № 8618.  Intervenors contend that there is no genuine issue of material fact regarding the Defendants' long-standing contempt of Articles XV and XIX of the Consent Decree, that the six identified claimants each filed grievances seeking relief for violations of the Consent Decree, that the Defendants failed to timely process those

grievances in violation of the Decree, and that as a result, each claimant is entitled to additional make whole relief.

The intervenors are correct in several regards. The history of the Defendants' contempt of the Consent Decree, including Article XIX (establishment of a grievance process), is not in dispute, nor is the fact that the six individual claimants whose claims are being pursued filed grievances under Article XIX that did not advance beyond the first stage. The dispute arises when the discussion turns to whether the Defendants processed the grievances of the Intervenors in a timely manner.

Relying on the protracted implementation and litigation history of the grievance procedure, the Defendants oppose the Intervenors' motion for summary judgment. Concluding that the failure to process the Intervenors' grievances was not ALDOT's fault, but instead resulted from the District Court's order granting the Plaintiffs declaratory and preliminary injunctive relief against using the grievances procedure for the benefit of white ALDOT employees. The District Court was concerned that the grievance process, if used by white ALDOT employees, could lead to the manipulation of the selection and promotion of ALDOT employees generally. Reynolds v. Alabama Dept. of Transp., 996 F.Supp. 1130, 1132

(M.D. Ala. 1998).  In the order for preliminary injunctions, the District Court noted

> "[t]he Alabama Department of Transportation informs the court that it has approximately 35 grievances based on the same [working out of classification entitled to a promotion] or similar grounds currently making their way through the grievance procedure. That fact makes clear that permitting these appointments to go forward would unleash chaos within the Transportation Department, resulting in a stampede into positions which could render any possible system-wide remedy, based on open competition, impossible to implement. On the other hand, should the Court find that the grievants are entitled to these appointments, any harm from the delay in appointment is minuscule."

Docket № 1760, p. 7 quoted by Defendants in Docket № 8638 at 8.

The Adams Intervenors appealed the declaratory and injunctive relief orders to the Eleventh Circuit.  Given the procedural posture, the Defendants were compelled to await resolution of the matter by the Circuit Court.  In March 2000 the Court of Appeals released its opinion reversing the District Court's declaratory and injunctive relief orders and striking from the record the applications for injunctive relief.  Reynolds v. Roberts, 207 F.3d 1288 (11th Cir. 2000)("Reynolds II").

The Intervenors' respond to the Defendants' argument in the only way they can, by reference to the appellate mandate that the case be returned to the status quo ante.  In other words, the preliminary injunction

3

and declaratory relief were not simply vacated they were stricken as were the underlying applications that led to them. Id. at 1302. According to the Intervenors,

> The words status quo ante mean the "way things were before." It is difficult to see how defendants may claim they are excused from responsibility for their underpayment of their employees when the motions and orders at issue were stricken from the record. The defendants' newest argument is squarely contrary to the mandate of the Eleventh Circuit in Reynolds II.

Docket № 8649 at 4.

Striking the preliminary injunction from the record does not change the fact that the Defendants were enjoined from processing grievances for white ALDOT grievants during the pendency of the appeal. No authority is cited in support of the conclusion that the return of the case to its status quo ante requires the Defendants to be responsible for the delays in processing grievances between the date of the District Court's preliminary injunction and the date of Reynolds II. Because of the injunction and pending appeal, the Defendants were unable to proceed with the implementation of the grievances until the litigation over the grievances procedure's application to white ALDOT employees had ended. The Defendants were obligated to comply with the injunction until such time as it was set aside.

4

<u>United States v. United Mine Workers of America</u>, 330 U.S. 258, 293 (1947).  The return of the case to the <u>status quo ante</u> quite simply meant that there was no legal consequence to the District Court's prior actions with regard to the declaratory and injunctive relief orders.

Between April 9, 1997, the date the Court entered the preliminary injunction, (Docket № 1760), and March 29, 2000, the date the Court of Appeals decided <u>Reynolds II</u>, the Defendants were prevented from processing the grievances of the Intervenors due to the orders of the District Court.

## II

**ACCORDINGLY**, it is Recommended that the Intervenors' Motion for Partial Summary Judgment, Docket № 8618, be DENIED.  The Defendants' Motion To Stay Response To Intervenors' Motion For Partial Summary Judgment, Docket № 8621, is DENIED AS MOOT.

Objections to this Report and Recommendation must be filed with the Clerk of Court by August 27, 2010.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 2nd day of August 2010.


                                              <u>/s/ C. A. González         </u>
                                              SPECIAL MASTER