IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v().

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

CIVIL ACTION NUMBER
85-cv-665-MHT
**Special Master González**

**REPORT AND RECOMMENDATION**

**I**

Before the Court is Defendants' Motion for Summary Judgment On The Individual Contempt Claim of Gary B. Smith.  Docket № 8655.  The Defendants contend they are entitled to summary judgment under the doctrine of judicial estoppel because Mr. Smith failed to disclose to the Bankruptcy Court in 2005 his contempt claims in the <u>Reynolds</u> case.   Docket № 8656.  Mr. Smith disputes that the doctrine of judicial estoppel bars his individual contempt claim.  He contends that the failure to disclose the claim was not an effort to deceive or mislead the Bankruptcy Court, but rather resulted from his ignorance that the claim needed to be disclosed.  Docket № 8674.

II

A

In a recent opinion, the Eleventh Circuit has set out the purpose and standard for assessing claims of judicial estoppel.

> The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749, (2001). Specifically, judicial estoppel is designed to "prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous preceding." 18 Moore's Federal Practice § 134.30 (3d ed. 2008). In New Hampshire v. Maine, the Supreme Court recognized that while the circumstances under which a court might invoke judicial estoppel will vary, three factors typically inform the decision: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead and; (3) whether the party advancing the inconsistent position would derive an unfair advantage. Id. at 750-51.
>
> The seminal case in the Eleventh Circuit on the theory of judicial estoppel is Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002). Incorporating the standards enumerated by the Supreme Court, Burnes outlined two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id. at 1285.
>
> . . .
>
> When considering a party's intent for the purpose of judicial estoppel, we require "intentional contradictions, not simple error or inadvertence." Am. Nat'l Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir.1983). "In considering judicial estoppel for

2

> bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Barger v. City of Cartersville, 348 F.3d 1289, 1295-96 (11th Cir. 2003).
>
> While an estopped party's contradiction must be intentional, such intent may be inferred from the record. Burnes, 291 F.3d at 1285. . . . [T]he motive to conceal stems from the possibility of defrauding the courts and not from any actual fraudulent result.

Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273-76 (11th Cir. 2010).

> Judge Thompson has explained that judicial estoppel
>
> ought to be applied with caution 'because the harsh results attendant with precluding a party from asserting a position that would normally be available to the party. In bankruptcy, a debtor has a duty to disclose all potential assets and must amend her financial statements if circumstances change. 11 U.S.C.A. § 521(1). Potential assets may include "contingent, dependant or conditional" claims, and a debtor must disclose them if she has "enough information prior to confirmation to suggest that [she] may have a possible cause of action." Youngblood Group v. Lufkin Fed. Sav. And Loan Ass'n, 932 F.Supp. 859, 867 (E. D. Tex.1996) (Heartfield, J.) (internal citations omitted). Such claims include "litigation which has the potential of arising in a non-bankruptcy context." Id. at 868.

Spann v. Dyncorp Technical Services, LLC, 403 F.Supp.2d 1082, 1086-87 (M.D. Ala. 2005)(Thompson, J.).

"A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), and 541(a)(7)." Burnes, 291 F.3d at 1286. The duty to disclose is a continuing one that does not end once the bankruptcy is filed; rather, a debtor must amend his or

her financial statements as circumstances change. Id. "Full and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'" Spann 403 F.Supp.2d at 1087 quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al., 81 F.3d 355, 362 (3d Cir. 1996). Failure to disclose claims for injunctive relief that add no monetary value to the bankruptcy estate does not support the application of the judicial estoppel doctrine. Burns 291 F.3d at 1288-89.

### B

Summary judgment is authorized under Federal Rule of Civil Procedure 56(c) when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In short, everything in the record must demonstrate the absence of a genuine issue of material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog, 193 F.3d at 1246; citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). The Court must view the evidence and all factual inferences in the light most favorable to the party opposing the summary judgment motion. Hinson v. Edmond, 192 F.3d 1342, 1348 (11th Cir. 1999).

III

A

Mr. Smith has been with ALDOT since October 1989 and progressed through a variety of job classifications to his current position, Transportation Maintenance Technician Senior, which he assumed in November 2008. Docket № 8656 at Exhibit A p.4. In June 2005, Mr. Smith filed a voluntary petition for Chapter 13 bankruptcy in The United States Bankruptcy Court for the Southern District of Alabama. Docket № 8656 Exhibit C. Mr. Smith was represented by counsel during his bankruptcy proceeding and did not reveal to the bankruptcy court in 2005 his then pending claim for individual contempt in the Reynolds case. Nor did he disclose his individual contempt claim in October 2006 when he otherwise amended his Chapter 13 petition. Docket № 8656 Exhibit F.

Mr. Smith's March 2003 individual contempt claim seeks promotion and instatement as well as "full make-whole relief . . . including back pay, . . . salary adjustment, and adjustment of retirement benefits." Docket № 8675 at 2. The full "make-whole relief" that Mr. Smith seeks includes (1) a declaratory judgment that the defendants' contempt of the Consent Decree harmed the individual claimant, (2) injunctive relief prohibiting the defendants from further illegal conduct, (3) compensatory damages, and (4) attorneys' fees and costs incurred in pursuit of that relief. Docket № 8674 at 2. According to Mr. Smith, the

5

declaratory and injunctive elements of his make-whole claim are not subject to the bar of judicial estoppel.

B

The uncontradicted fact is that Mr. Smith did not reveal his individual contempt claims to the Bankruptcy Court in his bankruptcy petition filed in June 2005. He was specifically asked under penalty of perjury to "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of this bankruptcy case." Docket № 8656 at Exhibit C p. 19. To this question, Mr. Smith answered "none." Mr. Smith claims that his failure to list his individual contempt claim resulted from ignorance because did not know that his individual contempt claim was an asset of his bankruptcy estate, and did not have any particular expectation one way or another as to whether he would receive any money. Docket № 8675 Exhibit 1, ¶¶ 2-3.

There is no question that Mr. Smith had a duty to disclose his contempt claim, <u>Burns</u> 291 F.3d at 1286, and that he failed to do so. Mr. Smith's defense is that he lacked the requisite intent to mislead the Bankruptcy Court and therefore, his failure was a matter of "simple error or inadvertence." <u>Am. Nat'l Bank of Jacksonville</u>, 710 F.2d 1536, <u>see also</u> <u>Burns</u>, 291 F.3d at 1286-87 and <u>Barger</u>, 348 F.3d at 1294 ("intent is a purposeful contradiction–not simple error or inadvertence").

## C

This is a close decision.  Unlike Jameria Moore's case where the record reflected a clear intent to withhold relevant information from the bankruptcy court, Docket № 8617, or the case of Leroy Williams where there was clear evidence of deception, Docket № 8495, this case presents a situation where the intent or motive of Mr. Smith in failing to reveal his individual contempt claim is more subtle and difficult to discern.

"In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy his statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  Barger 348 F.3d at 1295-96.  Mr. Smith admits he had knowledge of his individual contempt claim at the time of his bankruptcy filing in June 2005.  His defense is that he simply did not understand that he needed to disclose the claim to the Bankruptcy Court.  By affidavit, Mr. Smith testifies as follows:

> At the time, I did not know that I was required to disclose my participation in either the Reynolds case or my individual contempt claim to the Bankruptcy Court as an asset. At the time, I knew ALDOT and SPD were not living up to their bargain and following the Consent Decree, but I did not know those claims were assets that I was required to list on the bankruptcy forms. At the time, I did not know when or if I would actually receive any money for those claims and still do not know.

Docket № 8675 Exhibit A at ¶3.

The application of judicial estoppel to bar the contempt claim turns on whether Mr. Smith's ignorance about the need to reveal the claim is tantamount to evidence that he had no motive for its concealment, or whether his claim of ignorance hides a clear financial motive to conceal his contempt claims. "The bankruptcy court must be confident that it has the full and honest disclosure of the debtor concerning any potential assets that could increase the value of the estate for the creditors." Lett v. Reliable Ruskin, 2006 WL 2056582, *6 (M. D. Ala. 2006)(Albritton, J.) quoting Burnes, 291 F.3d at 1289. As a Chapter 13 debtor, Mr. Smith's projected income, including any potential settlement or judgment in the contempt case, would have been applied to his payment schedule and along with his future earnings become "property of the estate." 11 U.S.C. §§ 541(a)(1) and 1325(b)(1)(B). Lett, id. By not disclosing his contempt claim, potential income was essentially sheltered from the court and hidden from creditors.[1]

The simple fact is that the appellate and trial courts of this circuit have shown little tolerance for debtors who do not disclose their assets, including contingent assets, to the bankruptcy court. In this case, Mr. Smith had

---

[1] On two separate occasions in this case, Mr. Smith represented in interrogatories that he had not filed bankruptcy within the last fifteen years. During his deposition, he corrected his misrepresentation and admitted that he had in fact done so. Docket № 8656 at 6. Mr. Smith also knew that his participation in the Reynolds case had resulted in the receipt of money in the years before his bankruptcy. Docket № 8656 at 5.

8

knowledge of his claim, had the assistance of an attorney, and stood to benefit financially to the detriment of his creditors by not disclosing his claim. Therefore, the principle of judicial estoppel operates to bar Mr. Smith's claims for monetary relief.

**D**

Mr. Smith's claim presents a mix of monetary and equitable claims. The law clearly bars Mr. Smith's monetary claims for compensatory damages, for back pay, salary adjustment, and adjustment of retirement benefits. Lett, at *8 ("The court finds Lett's demands for front pay, back pay, benefits, and any compensatory . . . damages fall squarely into the type of relief that would add value to Lett's bankruptcy estate, and therefore are barred by judicial estoppel"). To the extent Mr. Smith seeks a court-ordered promotion, that promotion too is barred by the doctrine of judicial estoppel. The Lett court has analyzed that issue, and the Special Master adopts Judge Albritton's analysis as his own:

> Lett asks the court to order [the defendant] to promote him to assistant supervisor as soon as a position comes open. A promotion to assistant supervisor would increase Lett's income and add monetary value to his estate. Because he is in Chapter 13, all of Lett's projected disposable income is allotted to make payments under his payment plan. 11 U.S.C. § 1325. Any court-ordered promotion would increase his future earnings, which become "property of the estate." 11 U.S.C. § 1322(a)(1). Because a promotion to assistant supervisor would add value to Lett's estate, he is judicially estopped from seeking an order requiring [the defendant] to promote him. See Killebrew v. CSX Transportation, Inc., Nos. Civ.A. 03-CV-0943-D, 03-CV-1284-D, 04-CV-960-D, 2005 WL 1705636, at *3 (M.D. Ala. July 19, 2005) (DeMent, J.) (judicial

9

estoppel barred Chapter 13 debtor from seeking an order requiring that he be promoted).

### IV

While judicial estoppel bars Mr. Smith from seeking monetary relief associated with claims not revealed to the bankruptcy court, it does not bar his non-monetary claims. Burns 291 F.3d at 1288-89 (failure to disclose claims for injunctive relief that add no monetary value to the bankruptcy estate does not support the application of the judicial estoppel doctrine). In this case, Mr. Smith has such claims, including claims for (1) a declaratory judgment that the defendants' contempt of the Consent Decree harmed the individual claimant, (2) claims for injunctive relief prohibiting the defendants from further illegal conduct, and (3) claims attorneys' fees and costs incurred in pursuit of that relief. Docket № 8674 at 2. These claims are not barred by the doctrine of judicial estoppel since they would have added no value to the bankruptcy estate. Lett, 2006 WL 2056582 *8-9. These claims may proceed.

**ACCORDINGLY**, it is Recommended that the Defendants' Motion for Summary Judgment, Docket № 8655, be GRANTED IN PART AND DENIED IN PART.

Objections to this Report and Recommendation must be filed with the Clerk of Court by September 27, 2010. Failure to file objections in a timely manner constitutes a waiver of the right to review by the District Court.

IT IS SO RECOMMENDED this 30th day of August 2010.

                                                     /s/ C. A. González
                                                   SPECIAL MASTER