IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

CIVIL ACTION NUMBER:
CV-85-T-665-MHT
**Special Master González**

## REPORT AND RECOMMENDATION

### I.

This case is before the special master on remand from the district court of the R&R on the individual-contempt claim of Gary Smith. (Hereinafter "ICC"). By order dated November 28, 2011, Docket № 8743, the Court rejected without prejudice the Smith R&R and remanded defendants' motion for summary judgment to the special master. In remanding the motion, the court noted the following:

    It appears that the special master was unaware that Smith had retired and thus the special master could not have taken into

> consideration what the implications are from Smith's retirement.
>
> . . .
>
> [Therefore,] Smith's individual-contempt claim is referred back to the special master for further proceedings in light of claimant Smith's retirement.

Docket № 8743 at 2, 3.

The parties were given a chance to brief the issues on remand. Docket № 8778 (scheduling order). Only the defendants chose to do so. Docket № 8785. On remand, the defendants argue two points: First, that the doctrine of judical estoppel precludes Smith's ability to secure an upward adjustment of his state retirement compensation,[1] and second, that Smith's January 2010 retirement from ALDOT precludes his standing to proceed with claims for declaratory and injunctive relief against the defendants.

---

[1] In Smith's objection to the original R&R, Docket № 8696, he argued that the doctrine of judical estoppel did not bar him from seeking an upward adjustment of his state retirement compensation. In their brief on remand, the defendants addressed Smith's argument and so the special master addresses the issue in this Report and Recommendation.

## II.
### A.

In June 2005, Smith filed a voluntary petition for Chapter 13 Bankruptcy in the in The United States Bankruptcy Court for the Southern District of Alabama.  Docket № 8688 at 5 (R&R).  It is undisputed that Smith, who was represented by bankruptcy counsel, never revealed to the bankruptcy court the fact that he had an individual contempt claim pending against the defendants since 2003.  *Id*.  In his ICC, Smith sought promotion and instatement as well as "full make-whole relief . . . including back pay, . . . salary adjustment, and adjustment of retirement benefits."  *Id.*  The full "make-whole relief" that Smith sought included, in addition to a monetary component, claims for (1) a declaratory judgment that the defendants' contempt of the Consent Decree harmed him, (2) injunctive relief prohibiting the defendants from further illegal conduct, and (3) attorneys' fees and costs incurred in pursuit of his ICC.  *Id*.

Applying the doctrine of judicial estoppel, the special master recommended that all of Smith's monetary claims be barred since he failed to disclose his ICC to the bankruptcy court.  The claims barred were attempts to recover compensatory damages, back pay, salary adjustment, or

3

adjustment of retirement benefits.[2] Since non-monetary claims such as those for injunctive relief do not add value to a bankruptcy estate, they are not affected by the judicial estoppel doctrine[3] and so, it was recommended that Smith's claim for injunctive and declaratory relief, and his claim for attorneys' fees and costs be allowed to proceed.

The defendants and Smith both objected to the R&R. Smith objected because he does not believe judicial estoppel barred his claim for adjustment to his State retirement account since any adjustment will be based on a direct payment to the Retirement System of Alabama, ("RSA"), by the defendants. Docket № 8696. The defendants objected to the R&R on the grounds that Smith's retirement meant he lacked the standing necessary to pursue injunctive and declaratory relief. Docket № 8694.

On remand, in addition to the standing issues, the defendants also address the application of judicial estoppel to retirement payments made to the RSA. They argue for the first time that such payment would be exempt

---

[2] On appeal to the district court, neither the defendants nor Smith objected to the conclusion that judicial estoppel barred Smith's monetary claims.

[3] *See Burnes v. Pemco Aeroplex*, 291 F3d 1282, 1288-89 (11th Cir. 2002)(failure to disclose claims for injunctive relief that add no monetary value to the bankruptcy estate does not support the application of the judicial estoppel doctrine) and *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1297 (11th Cir. 2003)(same).

4

from the bankruptcy estate under Alabama law and are therefore not subject to the estoppel bar. Docket № 8785 at 5-6. Notwithstanding their conclusion, the defendants maintain that because Smith is ineligible for any adjustment to his pay, that he is still barred from seeking increased retirement compensation.

### 1.

Since under Alabama law, Smith's creditors do not have the ability to seek payment from Smith's RSA funds, "they are not disadvantaged by Smith's non-disclosure of the claims relating to his desire for additional RSA contributions as a result of his contempt claims." *Id*. at 6, *see also* ALA. CODE §37-27-28 (exempting retirement funds held by the Retirement System of Alabama from "levy . . . garnishment, attachment or any other process whatsoever . . ."). Nevertheless, the defendants assert that Smith's claim for an upward adjustment of his retirement benefits still fails because any retirement adjustment by RSA depends first on his successfully pursuing claims for salary adjustment or back pay—claims the defendants continue to maintain are barred by judicial estoppel. Docket № 8785 at 6.

### 2.

It is settled, and unchallenged, that judicial estoppel bars Smith from receiving an award of back pay or a salary adjustment. That bar, together

5

with the fact that Smith retired in January 2010, operates to preclude any increase in Smith's retirement payments from RSA.

Alabama law provides that RSA benefits are calculated based on the highest average annual three-year period of compensation during an employee's final ten years of service. ALA. CODE § 36-27-1(15). Since Smith is not entitled to any additional monetary payments from ALDOT that would adjust upward his three-year salary average, there is no source of additional compensation from which the RSA could increase Smith's retirement benefit.

### B.

Because he is no longer employed by ALDOT and retired effective January 2010, Smith lacks the standing necessary to continue with his declaratory judgment or injunctive actions against ALDOT. "A plaintiff has standing to seek declaratory or injunctive relief only when he 'allege[s] facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" Bowen v. First Family Fin. Services, Inc., 233 F.3d 1331, 1340 (11th Cir. 2000) quoting *Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1346-47 (11th Cir. 1999)(citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983). Here there is no such likelihood since Smith has retired from ALDOT.

This case is indistinguishable from Eddie Curry's individual contempt claim where it was decided that because Curry was no longer an employee of

6

ALDOT, he lacked the standing necessary to pursue claims for injunctive and declaratory relief. Docket № 8722 at 11-12(R&R) affirmed Docket № 8724.

### III.

Since Gary Smith cannot receive any monetary compensation from the defendants that would allow the RSA to adjust upward his three-year salary average, his RSA retirement benefit is not subject to recalculation. Moreover, given his retirement in 2010, Smith lacks the standing necessary to pursue ongoing injunctive and declaratory relief against the defendants.

**ACCORDINGLY,** it is recommended that defendants' Motion for Summary Judgment on Gary Smith's Individual Contempt Claim, Docket № 8655 be GRANTED.

To the extent consistent herewith, the special master readopts his prior R&R on Gary Smith's ICC, Docket № 8688.

Objections to this Report and Recommendation must be filed with the Clerk of Court by March 30, 2012. Failure to file objections in a timely manner constitutes a waiver of the right to review by the district court.

IT IS SO RECOMMENDED this 8th day of March 2012.

/s/ C. A. González
SPECIAL MASTER