IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

      Plaintiffs,

                                  CIVIL ACTION NUMBER:
v.                                  CV-85-T-665-N
                                  Special Master González

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

      Defendants.

**REPORT AND RECOMMENDATION ON PROCEDURES TO EFFECT
THE DECERTIFICATION OF THE HIRING CLASS**

**I.**

      This case is now before the special master on the order of the district

court to craft procedures for the decertification of the Hiring Class.  Docket №

8781.  The crafting of such procedures requires the resolution of four issues.

First, identification of those class members entitled to receive notice of the

decertification.  Second, how the notice should be delivered—general

publication or First Class Mail.  Third, how the cost should be allocated for

preparing and delivering the notice.  And fourth, the wording of the

decertification notice to class members.  On some of these four issues the

parties agree, on others they partially agree, and on still others they do not agree at all.

## II.

Some background is important in order to understand the recommendation.  Three Plaintiff classes were originally certified by the Court in 1986 pursuant to Rule 23(b)(2).  Docket № 82.  Those three classes were later consolidated into two:  first, a class composed of all black merit system employees employed by ALDOT since May 21, 1979; and second, a class of all black non-merit system employees of ALDOT and all blacks who had unsuccessfully sought merit-system employment at ALDOT since May 21, 1979.

On January 16, 2001, the plaintiffs and defendants reached a settlement agreement that again divided plaintiffs into two subclasses:  a Promotion Class defined as all African Americans employed by ALDOT at any time after May 21, 1979, and a Hiring Class defined as all African Americans who contend they have been denied employment in ALDOT on the basis of race at any time after May 21, 1979.  Docket № 4700, Exh. 1 at 3 ¶8.  Later in January 2001, the court approved the notice and class participation forms that were to be used for the Hiring Class settlement.  The notice was published in several Alabama and

2

national papers and mailed to the last known address of Hiring Class members. The notice required class members to either opt-in to the settlement by returning the Participation Form or opt-out by returning the appropriate Opt-out Form.  The notice also made clear that a class member who did not return the form was presumed to have either no claim or an intent to settle his or her claim for no money.  Docket № 4741 at 6.  Approximately 29,000 class members submitted Participation or Opt-out Forms

The settlement agreement provided that if more than 300 Opt-out Forms were received, the settlement agreement "is automatically void unless the [defendants and plaintiffs] mutually agree otherwise."  Docket № 4700 at 10 ¶7.  More than 300 opt-outs were received and since the parties did not agree to go forward with the settlement, it was voided pursuant to its own terms.  Docket № 5228 at 2 ¶5.  In November 2008, the court indicated its intention to decertify the Hiring Class once the process for doing so was worked out. Docket № 8330 at 3.

**III.**

**A.**

The plaintiffs, defendants, and special master have worked through the wording of a decertification notice to class members.  A copy of the proposed notice is attached and it is recommended that it be approved.

**B.**

The parties agree that notice of decertification should be provided to all those who submitted either Participation Forms or Opt-out Forms.[1]  The parties disagree on whether those class members who did not return either form are also due notice of the decertification.

Defendants argue that those class members who submitted neither a Participation nor Opt-out Form are not entitled to notice because "they effectively dropped their hiring claims when they chose not to submit [the required forms]" Docket № 8808 at 6.  The defendants' argument is not well

---

[1]  The Eleventh Circuit has held that the district court has a duty to provide notice to a class when it decertifies the class:

> [O]nce a district court has decertified a class, it must ensure that notification of this action is sent to the class members, in order that the latter can be alerted that the statute of limitations has begun to run again on their individual claims.

*Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003).

stated since the Hiring Class certification did not turn on the enforcement of the settlement agreement.  In other words, the settlement agreement did not define the Hiring Class as those who completed the required forms.  The question is, however, whether those class members who did not return forms are entitled to specific notice of the decertification.

It is true that class members who failed to return Participation or Opt-out Forms made a decision at the time not to participate in the potential settlement.  It is also true that the most likely, albeit ineffective, way to reach these unknown class members is through general publication.  Nevertheless, general publication has already been proven ineffective with respect to such persons since it did not solicit the desired return of the forms when first used. There is, therefore, no reason to use the very expensive notice by general publication for a group of persons who were unresponsive to such notice in the past.  *See Denny v. Deutsche Bank Securities, Inc.* 443 F.3d 253, 271 (2d Cir. 2006) (holding that within the limits of due process, courts may treat the requirements of Rule 23(e) satisfied by less notice than, for example, the requirement of first class mail that may accompany notice obligations under Rule 23(c))  To the extent, however, that specific addresses for such Hiring

Class members are known, or can be reasonably ascertained, they would be entitled to personal notice through First Class Mail.[2]

## C.

The manner of notification of a class decertification is not directly addressed in the Rules of Civil Procedure.  The notice requirements of Rule 23(e)(1), are instructive, however.  Rule 23(e), requires notice "in a reasonable manner" to all class members of a class action settlement or voluntary dismissal.  The defendants believe that notice via First Class Mail to those who returned Participation or Opt-out Forms satisfies the due process requirement for notice even though the notice of the class settlement was provided through mail and general publication.  It is undisputed that notice by mail is significantly less expensive than notice by general publication and certainly satisfies any due process concerns.

Plaintiffs believe that in addition to notice by mail, notice by general publication must also be used.  They argue that the hiring class is nationwide, that the addresses on file may not be current, and that the notice of decertification should be generally equivalent in form to the notice provided of

---

[2]   The parties should work together to determine whether such addresses are available.

the settlement agreement.  There is no requirement of equivalence for notice and many of the addresses on file can be confirmed through a third-party vendor.

Notice by First Class Mail to those who returned Participation and Opt-out forms and for those other class members who did neither but whose addresses can reasonably be discovered is sufficient and appropriate notice and meets the requirements of due process.

**D.**

The plaintiffs contend that the defendants should bear the cost of notification since the plaintiffs have been determined to be prevailing parties and because the defendants will benefit from the decertification.  The defendants, on the other hand, believe that the plaintiffs should bear the costs since it is the plaintiffs' responsibility and obligation to provide notice of the decertification.

There is no need to resolve the issue of who bears the costs since the Court has almost $13M in its registry in contempt fines that can and should be used to cover the actual expenses of notification.  As has been previously stated, "[t]o the extent possible, the fine money should be used in ways that benefit Alabama taxpayers including paying the costs associated with this

case. . . ." Docket № 8378 at 5 (R&R).  This is a perfectly appropriate use of such funds and well within the authority of the court.[3]  *Cabrera v. Municipality of Bayamon,* 622 F.2d 4, 8 (1st Cir. 1980)(the court controls the disposition of contempt fines).

Such funds should be used to pay for the services of a third-party vendor who can confirm the addresses of those to receive notice, print the notices and mail them.

## IV.

**ACCORDINGLY**, it is recommended that (1) the proposed notice attached hereto as Exhibit A be approved; (2) that to the extent possible, all those who returned Participation or Opt-out Forms receive personal notice, and that class members who returned neither form also receive personal notice to the extent their addresses can be reasonably ascertained; (3) that personal notice by First Class Mail be utilized, and ; (4) that the cost for

---

[3]  As the parties have previously noted, the court has the equitable power to use the contempt fines in furtherance of the goals of the ligation. *See* Docket № 8179 at 2 (Defendants)("It is well established that a federal court may, in the exercise of its equitable power, order that fines it has imposed as sanctions for civil contempt be used to remedy the problem underlying the contempt finding and to further the goals of the litigation")(citation omitted); Docket № 8200 at 3 (Intervenors)(the use of civil contempt fines to further the goals of the litigation "is a principle that, on its face we do not contest"); and Docket № 8202 at 2 (Plaintiffs)("the court has the equitable power to use contempt funds to further the purpose of the original order").

confirming addresses, printing the notices and mailing the notices be paid from the contempt fines on account with the Court.

If the court approves this R&R, then within thirty days thereafter, plaintiffs' counsel should submit for approval a budget and description of services from a third-party vendor who can provide the services required to ensure notice to class members of the decertification.

Objections to this Report and Recommendation must be filed with the Clerk of Court by May 25, 2012.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the district court.


IT IS SO RECOMMENDED this 1st day May 2012.


/s/ C. A. González
SPECIAL MASTER