IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY REYNOLDS, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
|    v. | ) | CIVIL ACTION NO. |
| | ) | 2:85cv665-MHT |
| ALABAMA DEPARTMENT OF | ) | (WO) |
| TRANSPORTATION, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

## ORDER

It is ORDERED that the defendants' motion to certify for appeal and stay and alternative motion for reconsideration (doc. no. 8829) are denied.

                         \*\*\*

As to the motion to certify and stay, the court believes, for several reasons, that it is more prudent to resolve to conclusion one or more of the now pending intervenors' contempt claims and then to let that claim or claims be subject to appeal.  First, the court understands that the parties have already selected one or

more of the intervenors' contempt claims for resolution, and the special master has informed the court that those claims can be resolved with dispatch.  Second, final resolution of a claim or two will give full context to the court's earlier decision regarding Article XV.  It will, if anything, show how that decision has played out.  (While the plaintiffs' contempt claims and the intervenors' contempt claims are quite different, it is still noteworthy that so far the plaintiffs have unconditionally dismissed all of their 'test' contempt claims before going to trial.  The  bottom line is that it is unpredictable how these claims will play out in the end.)   Third, if there is an appeal after final resolution of one or more of the intervenors' contempt claims, the appellate court will then be able to resolve in one appeal all of the issues (not only liability but relief) regarding resolution of the intervenors' contempt claims, rather than by piecemeal with the issue of liability resolved in one appeal and, if the intervenors

should prevail on appeal on the liability issue in whole or in part, with another, separate appeal on relief should the intervenors prevail on relief in this court. The court appreciates that the defendants sincerely believe that they will prevail on appeal, but the intervenors sincerely believe too that they will prevail; the court believes that, just as it is now doing with regard to the plaintiffs' contempt claims, it is more efficient to resolve one or more of the intervenors' contempt claims to conclusion.

    DONE, this the 30th day of July, 2012.

                                   /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE