IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

CIVIL ACTION NUMBER:
CV-85-T-665-MHT
**Special Master González**

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON JERRY POGUE'S INDIVIDUAL CONTEMPT CLAIM

**I.**

This case is before the special master on the defendants' Motion to Dismiss or in the Alternative a Motion for Summary Judgment, Docket № 8353.

Jerry Pogue, proceeding *pro se,* opposes the motion arguing that he is entitled to make-whole relief. Docket № 8814. Even though Mr. Pogue claims to have a law degree and to have done "postdoctoral Law Studies at the College of William and Mary, Washington University Law School and at Harvard University Law School" (Docket № 8356-2 at 1), his objections fail to address any of the factual claims of the defendants.

Since this R&R relies on the business records of the defendants and Mr. Pogue's responses to interrogatories, the defendants' motion will be analyzed under the standard applicable to the grant or denial of a motion for summary judgment.

## II.

In his individual contempt claim, Mr. Pogue states that he was passed over for promotion to the classification of Equal Employment Opportunity Officer. He claims his legal training and work experience with the Department of Defense qualified him for the position. Docket № 8353-2.

Mr. Pogue believes that he should have been promoted to EEO Officer on June 28, 1993, March 16, 1994, January 3, 1995, September 12, 2001, and March 4, 2002. Mr. Pogue, however, was dismissed from ALDOT on July 25, 1989.

In a letter from the Third Division's Division Engineer, R. D. Jeffreys dated July 13, 1989, Mr. Jeffreys states that Mr. Pogue had sought a temporary three month leave from ALDOT to work for the Department of Defenses. When Mr. Pogue made the initial request, it was denied because Mr. Pogue had failed to present evidence that the requested leave complied "with Defense type leave designated in the State Personnel Rules." Docket № 8353-3 at 2. In

response to Mr. Jeffreys' earlier request for additional information regarding the nature of the leave requested, Mr. Pogue provided Mr. Jeffreys nothing more than "some information related to housing availability in Washington." *Id*.  At the time of Mr. Jeffrey's letter of July 13, 1989, Mr. Pogue had been away from his job without leave and Mr. Jeffreys therefore recommended that Mr. Pogue be terminated from ALDOT. On July 14, 1989, Royce King, the Highway Director, affirmed Mr. Jeffrey's recommendation and terminated Mr. Pogue's employment effective July 25, 1989. Docket № 8353-3 at 3.

Mr. Pogue has not responded to any of the factual claims made by ALDOT and has failed to present evidence creating any question of material fact.

Mr. Pogue was not employed by ALDOT during the period of the defendants' contempt, and therefore does not have a contempt claim as to promotion.

**ACCORDINGLY**, it is recommended that defendants' Motion for Summary Judgment, (Docket № 8353) be GRANTED.

Objections to this Report and Recommendation must be filed with the clerk of court by November 26, 2012.  Failure to file objections in a timely manner constitutes a waiver of the right to review by the district court. The

clerk of court shall send a copy of this order to the last known address of Jerry Pogue.

    IT IS SO ORDERED this 29th day of October 2012.

                                         /s/ C. A. González
                                         SPECIAL MASTER