IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

     Plaintiffs,

                                    CIVIL ACTION NUMBER
v.                                 85-cv-665-MHT
                                 **Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

     Defendants.

**REPORT AND RECOMMENDATION  ON CECIL PARKER'S PRO SE MOTION FOR AN ACCOUNTING**

**I**

Before the special master is Cecil Parker's *pro se* motion seeking an accounting of all funds paid in this case, whether those funds were paid as settlements or contempt fines, or held by law firms in trust accounts. Docket № 8943. The motion also seeks an accounting from the court for the contempt fines collected and from the parties and their counsel for funds paid or received during the long course of this litigation.

None of the parties have responded to Mr. Parker's motion and there is no need for them to do so since it is clear on the face of the motion that Mr.

1

Parker lacks the required standing to petition the court for the relief he seeks. It is well established that a court has a continuing obligation to assess for itself whether it has jurisdiction. When the party advancing a claim in federal court lacks standing, a district court lacks subject-matter jurisdiction to consider the merits of the claim.

## II

### A

Article III of the United States Constitution requires that a federal court hear only cases and controversies. U.S. Const., Art. III, § 2. Judicial interpretation of Article III's case or controversy language has led to the creation of the standing doctrine. Standing is a threshold requirement of any proceeding in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The standing doctrine ensures that matters brought before federal courts are "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102 (1998).

In order for a plaintiff to have standing to sue, the plaintiff must demonstrate three things:  First, the plaintiff must have suffered an injury in fact, that is, an invasion of a legally protected interest which is (a) concrete

and particularized, and (b) actual or imminent, not conjectural or

hypothetical. *Defenders of Wildlife*, 504 U.S. at 560, *see also Scott v. Taylor*, 405

F.3d 1251, 1259 (11th Cir. 2005).  Second, there must be a causal connection

between the injury and the conduct complained of such that the injury is said

to be fairly traceable to the challenged action of the defendant. *Id*. Finally, "it

must be 'likely,' as opposed to merely 'speculative,' that the injury will be

redressed by a favorable decision." *Id*. The party invoking federal jurisdiction

bears the burden of establishing these elements. *Daimler Chrysler Corporation*

*v. Cuno*, 547 U.S. 332, 342 n.3 (2006), *see also FW/PBS, Inc. v. Dallas*, 493 U.S.

215, 231 (1990). Mr. Parker's motion fails to allege any facts that would lead

to a finding that he has the standing necessary to allowing him to proceed.

**B**

In his motion, Mr. Parker identifies himself as "a named plaintiff,"

(Docket № 8943 at 1), while the docket identifies him as an "Intervenor

Plaintiff."  At any rate, he is not a named class representative.[1] And while Mr.

Parker's actions on behalf of his own interests in this litigation are

---

[1]    The class representatives for the Reynolds class are listed in the parties'
"Joint Motion and Stipulation Concerning Approval of Proposed Settlement
Agreement" and are identified as Johnny Reynolds, Ouida Maxwell, Martha
Boleware, Peggy Allen, and Jeffrey Brown. Docket № 4700 at 3.

considerable, such actions do not create a condition of generalized standing allowing him to seek the relief he requests in the current motion.

Mr. Parker wants an accounting of the following monies: First, "all settlement proceeds received in this case;" Second, "all monies, contempt fines and grievous [sic.] money and sanctions"; Third, "all monies held by any law firms appointed [in] this case"; Fourth, "all monies held in trust by any law firms"; and Fifth, an accounting for "all monies paid by the State of Alabama in this case." Docket № 8943 at 1.[2]

## C

Aside from the motion's many other frailties, Mr. Parker has failed to allege an injury in fact that would allow him the requisite standing to proceed. It is undisputed that "harm to economic interests presents a cognizable injury for purposes of standing." *Alabama-Tombigbee Rivers Coalition v. Norton*, 338 F.3d 1244, 1252 (11th Cir. 2003). Yet, Mr. Parker has not submitted any evidence—or even alleged—that he has suffered an economic injury that could be redressed by the parties undertaking an enormously expensive and intrusive accounting.

---

[2]  Mr. Parker's demand is so generalized and ill-defined that its amorphous nature sweeps broadly, encompassing the entirety of the case.

Mr. Parker has not alleged that monies owned him have been withheld or even why he believes an accounting of funds is necessary. Moreover, he fails to articulate what his interest in such an accounting is. The "injury in fact inquiry serves to distinguish a person with a direct stake in the outcome of litigation – even though small – from a person with a mere interest in the problem." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 690 n.14 (1973).

Since Mr. Parker has failed to allege an injury in fact there is no need to consider the causation or redressability elements of standing. Mr. Parker is without standing to purse his *pro se* motion for accounting and the court therefore lacks subject-matter jurisdiction to proceed with his motion.

### III

**ACCORDINGLY**, it is Recommended that Cecil Parker's *pro se* Motion For An Accounting, Docket № 8943, be DISMISSED on standing.

Objections to this Report and Recommendation must be filed with the Clerk of Court by October 21, 2013. Failure to file objections in a timely manner constitutes a waiver of the right to review by the district court.

The clerk is DIRECTED to send a copy of this Report and Recommendation to Cecil Parker by First Class Mail to his last known address.

5

IT IS SO RECOMMENDED this 1st day of October 2013.


/s/ C. A. González
SPECIAL MASTER