IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY REYNOLDS, ET AL.,

    Plaintiffs,

v.

    CIVIL ACTION NUMBER
    85-cv-665-MHT
    **Special Master González**

ALABAMA DEPARTMENT OF
TRANSPORTATION, ET AL.,

    Defendants.

**REPORT AND RECOMMENDATION ON CALVIN LAMAR'S
PRO SE MOTION FOR AN INTERIM AWARD OF EXPENSES AND COSTS**

Before the special master is Calvin Lamar's *pro se* motion for an interim award of expenses and costs. Docket № 8955. In his motion, Mr. Lamar claims to have advanced several thousands of dollars in attorney's fees and expenses between January 1, 2001 and October 2002. Mr. Lamar has included a 47-page exhibit with his motion containing images of receipts and canceled checks allegedly related to expenses and fees incurred in this case. Docket № 8955-1. While some of the images cannot be made out and some duplicate copies are included, it appears that Mr. Lamar advanced over $30,000 in fees,

1

expenses, and other costs related to attorney William Murray's representation of Mr. Lamar and others.

Approximately $14,000 in canceled checks and receipts reflect direct payment to Mr. Murray. *Id* at 3, 7, 10-11, 14-16, 18, 23, 26, and 29. The remaining checks and receipts are for such things as car and room rentals, copies of documents, transcripts, filing fees, research performed by Florence Belser, and travel.[1]

While Mr. Lamar appears to have paid a significant amount in fees and expenses, he cannot now recover those sums in this *pro se* action. Putting aside whether as a *pro se* litigant he is even allowed to seek fees previously paid to an attorney,[2] the prerequisite to any award of fees depends first on

---

[1] It appears that Ms. Belser was coordinating the collection and payment of money from Mr. Lamar in connection with Mr. Murray's representation. The vast majority of receipts attached to Mr. Lamar's motion are signed by Ms. Belser and a number of the checks list Ms. Belser as payee. The receipts and checks also reflect that some of the money provided was designated as a "personal loan" to Ms. Belser "to defray expenses," (Docket № 8955-1 at 22), or to cover her "personal expenses," (*id.* at 34).

[2] The law is well settled that a *pro se* litigant who successfully represents him or herself in a civil rights action is nevertheless not entitled to recover attorney's fees under 42 U.S.C. § 1988. *See Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir. 2001)("the 'overriding statutory concern' of section 1988 is to encourage the retention of independent counsel by victims of civil rights violations, and awarding fees and costs to *pro se* litigants would discourage plaintiffs from retaining independent counsel") citing *Kay v. Ehler,* 499 U.S. 432, 437 (1991). Mr. Lamar's situation is different, however. Assuming that he would otherwise be entitled to an award of fees under the law, the question is whether as a *pro se* litigant he can

(continued...)

whether the moving party is a prevailing litigant. The Supreme Court has said that to be eligible for a fee award, a plaintiff must prevail on "any significant claim affording some of the relief sought." *Tex. State Teachers Ass'n v. Garland Index. Sch. Dist.*, 489 U.S. 782, 791 (1989) *see also* Order, Docket № 5744 at 1 (Mr. Murray may recover fees and expenses only if and when [his clients] later prevail[] in this litigation to the extent that [they] would be entitled to such under federal law."). The relief cannot be merely declaratory or procedural; it must reach the underlying merits of the claim and "affect[] the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987).

Similarly, the court cannot award the costs authorized by 28 U.S.C. § 1920 until it has determined that Mr. Lamar is a prevailing party. FED. R. CIV. P. 54(d)(1).³ Nor can a bill of costs be granted without the proper declaration

---

²(...continued)
recover fees he previously paid to his attorney. That issue does not appear to have been addressed in the Eleventh Circuit. At any rate, it is not a matter of concern at this time since Mr. Lamar must first establishing that he is a prevailing party.

³   Unlike attorney's fees, a *pro se* litigant is entitled to recover §1920 costs. *See Gray v. Sec'y Dep't of Homeland Sec.*, 452 F. App'x 873, 875 (11th Cir. 2011) (per curiam) relying on *Clarkson v. IRS*, 678 F.2d 1368, 1371 (11th Cir. 1982) ("Unlike attorney fees, . . . costs of litigation can be reasonably incurred even by a *pro se* litigant who is not an attorney."). Section 1920 identifies, *inter alia*, the following as compensable costs:  docketing fees, transcript fees, witness fees, printing costs, and copying costs. 28 U.S.C. § 1920.

being filed. *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.").

 Mr. Lamar's motion for fees and expenses is incomplete since it does not contain any evidence or argument that would allow the court to determine if he is a prevailing party. Until a determination of prevailing party status is made, there is no legal basis for an award of fees or expenses.[4] Since the matter has not been briefed, and because Mr. Lamar is proceeding *pro se,* his motion should be denied without prejudice and with leave to refile the motion so that he can make whatever arguments he has concerning prevailing party status.

---

[4] The nature of Mr. Murray's participation in this case and the resolution of the claims he raised are unknown to the undersigned. What is known is that Mr. Murray filed a notice of appearance in October 2001, (Docket № 5338), and his later request to withdraw from proceedings before the district court was granted in April 2003, (Docket № 6572). The docket does not show any motion having been filed by Mr. Murray for an award of fees or costs nor does it show any order determining that Mr. Murray's clients, including Mr. Lamar, are "prevailing parties."

**ACCORDINGLY**, it is RECOMMENDED that Mr. Lamar's *pro se* motion for an award of fees and costs, Docket № 8955, be DENIED WITHOUT PREJUDICE with leave to refile. The clerk is directed to send a copy of this Report and Recommendation by First Class Mail to Calvin Lamar at his last known address.

Objections to this Report and Recommendation must be filed with the Clerk of Court by March 24, 2014. Failure to file objections in a timely manner constitutes a waiver of the right to review by the district court.

IT IS SO RECOMMENDED this 26th day of February 2014.

/s/ C. A. González
SPECIAL MASTER