IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHNNY REYNOLDS, et al.,    )
                            )
    Plaintiffs,              )
                            )        CIVIL ACTION NO.
    v.                      )         2:85cv665-MHT
                            )              (WO)
ALABAMA DEPARTMENT OF       )
TRANSPORTATION, et al.,     )
                            )
    Defendants.             )
```

MEMORANDUM OPINION AND ORDER

Defendants Alabama Department of Transportation (ALDOT) and State Personnel Department and the proposed "Certified Intervenor Contempt Relief Settlement Class" filed a joint motion to certify the settlement class pursuant to Federal Rule of Civil Procedure Rule 23. By that motion, the parties seek preliminary approval of the proposed settlement agreement (attached as Exhibit A) and conditional or provisional certification of the settlement class, whose members are specifically identified as the 213 individual intervenors with remaining Article 15 claims (identified in doc. no. 9087-4). The parties further request that the court: (1) appoint Honorable Raymond P. Fitzpatrick as class

counsel for the settlement class; (2) appoint Class Action Administrators as the settlement administrators for the Rule 23(b)(2) settlement class; (3) approve the proposed Notice of Proposed Settlement and Right to Object (as modified by the court; attached as Exhibit B); and (4) schedule a final fairness hearing for the proposed settlement.  Based on the entire record before the court, the court finds as follows.

First, the court finds that the proposed settlement agreement should be preliminarily approved, that notice should be provided to the interested persons, and that a fairness hearing should be conducted.

The court further finds it appropriate to certify provisionally a Rule 23(b)(2) injunctive-relief settlement class composed of:

> "The remaining 213 non-black members of the Intervenor Contempt Relief Settlement Class, who are those individual intervenors with remaining Article 15 claims identified in doc. no. 9087-4. More specifically, it is the individual intervenors who:
> (a) Were identified by defendants as entitled to reclassification based on April 1994 duties (*see* exhibit nos.

>DX2184 and DX2188 from January 1998 hearing; *see also*, doc. no. 8843, n.3);
>
>(b) Were employed by ALDOT after the May 29, 2001, Fairness Hearing;
>
>(c) Currently are employed by ALDOT or were employed by ALDOT before 2007;
>
>(d) Have been identified as having potentially valid claims for individual contempt relief for potential lost pay occurring after May 29, 2001, arising from defendants' alleged failure to timely implement the reclassifications required by Article 15 of the 1994 Consent Decree; and
>
>(e) Were not in a higher classification than their proposed reclassification position as of May 29, 2001. Individual intervenor class members meeting such criteria are listed on doc. no. 9087-4."

For reasons to be articulated in a final decision regarding whether to approve the settlement, the court preliminarily finds that the settlement class meets the requirements of Rule 23(a)--numerosity, commonality, typicality, and adequacy of representation--as well as the requirement of Rule 23(b)(2) that the issues involved "apply generally to the class," such that

3

"relief is appropriate respecting the class as a whole."  Rule 23(b)(2) contemplates class cases seeking equitable injunctive or declaratory relief, but monetary relief does not conflict with the limitations of the Rule when it is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion.  The court finds that the remaining 213 non-black members of the Intervenor Contempt Relief Settlement Class seek "make whole" equitable remedies appropriate for relief under Rule 23(b)(2).  The court preliminarily finds that Honorable Raymond P. Fitzpatrick can capably serve as and should be appointed class counsel, based on the factors outlined in Rule 23(g).

The court finds that the notice form attached as Exhibit B to this memorandum opinion and order, the process for distributing and collecting these forms outlined below, and the process for gathering objections or commentary--together with the fairness

4

hearing described below--collectively constitute sufficient notice of and opportunity to be heard on the proposed settlement agreement as due process and Rule 23(e) require.

***

It is therefore ORDERED that the joint motion for preliminary approval of settlement agreement (doc. no. 9191) is granted as follows:

(1) The proposed settlement agreement (doc. no. 9191-2) is preliminarily approved; final approval will be subject to a hearing and review by this court of any objections to or comments about the agreement's terms submitted by class members.

(2) An injunctive-relief settlement class, defined as "the remaining 213 non-black members of the Intervenor Contempt Relief Settlement Class, that is, those individual intervenors with remaining Article 15 claims identified in doc. no. 9087-4," is provisionally certified under Federal Rule of Civil Procedure 23(a) and (b)(2).

(3) Honorable Raymond P. Fitzpatrick is appointed as class counsel to represent the settlement class under Federal Rule of Civil Procedure 23(g).

(4) The parties have retained and consulted with Class Action Administrators, an experienced class-action notice company, regarding the most reasonable and appropriate means to provide notice to the Rule 23(b)(2) intervenor settlement class. The parties propose that Class Action Administrators will send the Notice of the Proposed Settlement and Right to Object by first class mail to the last known addresses of the 213 persons identified by the intervenors' counsel and that that the reasonable costs of such notice shall be paid from the contempt fine fund.  Mr. Fitzpatrick shall provide a list of names and addresses to Class Action Administrators for use in delivering notice; cause Class Action Administrators to provide notice of the proposed settlement agreement as outlined below by March 31, 2017; collect comments from members of the conditionally certified settlement class as further

outlined below; and submit the comments to the court by April 28, 2017.

(a) The court approves the use of the Notice of Proposed Settlement and Right to Object, as modified by the court, which notice is attached as Exhibit B to this memorandum opinion and order. The parties shall provide that notice to Class Action Administrators for delivery.

(b) Copies of the proposed settlement agreement are to be made available to members of the Intervenor Contempt Relief Settlement Class on a website described in the Notice of Proposed Settlement and Right to Object.

(c) A copy of the proposed settlement agreement is to be provided promptly upon request to any member of the Intervenor Contempt Relief Settlement Class.

(d) By no later than April 28, 2017, Mr. Fitzpatrick will provide to the court any objections or

comments received in response to the notice. The clerk of the court, or her delegate, is to docket the objections or comments Mr. Fitzpatrick submits. The clerk of the court is to retain the original copes of all comments.

(e) By May 8, 2017, the parties shall jointly submit a brief summarizing and responding to the objections that have been filed with the court.

(f) A fairness hearing is set for 10:00 a.m. on May 12, 2017, in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, 15 Lee Street, Montgomery, Alabama, 36104. At this hearing, counsel for all parties must be prepared to respond to the objections and comments made by class members, as well as to the court's concerns, if any.

DONE, this the 15th day of March, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE