# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHNNY REYNOLDS, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALABAMA DEPARTMENT OF ) <br> TRANSPORTATION, et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 2:85cv665-MHT <br> (WO) |

## OPINION

Now before the court is the final chapter in a long story for the non-black intervenors who joined this case in the 1990s. They joined the lawsuit to ask the court to reconsider certain race-conscious provisions in a proposed consent decree between the original plaintiffs to this action and the original defendants, which included the Alabama Department of Transportation (ALDOT). As a result of their intervention, a consent decree was entered in 1994 without the race-conscious provisions to which they objected. After a partial

settlement agreement with defendants resolving their claims for monetary relief through May 29, 2001, the intervenors brought individual-contempt claims by which they asserted that the defendants' contempt--in the form of delayed implementation of certain actions under the consent decree--caused them further harm. As of this moment, the only remaining claims between the intervenors and the defendants are claims relating to actions under Article 15, paragraph 1 of the consent decree; these claims involved 213 individuals.

The intervenors and the defendants reached a proposed settlement agreement of the remaining individual contempt claims. Upon a joint motion from the intervenors and the defendants, the court considered and preliminarily approved that settlement agreement and provisionally certified the proposed settlement class. After preliminarily approving the settlement agreement and provisionally certifying the proposed settlement class, the court directed that the

parties provide notice to the members of the proposed settlement class and to all current ALDOT employees. After allowing time for the filing and reporting of objections, the court convened a final fairness hearing on May 12, 2017. The court has now considered the objections to the proposed settlement, the argument of the parties, and the issues presented by these claims. For the reasons that follow, the court will grant final approval of the settlement and the parties' motions with respect to final class certification and associated issues.

I. DESCRIPTION OF THE PROPOSED SETTLEMENT

Pursuant to the proposed settlement agreement, $ 213,000.00 shall be released from the court registry fine fund, and $ 1,000.00 shall be paid to each of the 213 members of the intervenor-contempt-relief settlement class (the ICR Settlement Class) in full resolution of all remaining claims for

3

individual-contempt relief concerning reclassification. The 213 non-black members of the ICR Settlement Class are those members of the intervenor class whom defendants identified as due to be reclassified based on April 1994 duties and who were employed after the May 29, 2001, fairness hearing and are either currently employed with ALDOT or were employed prior to 2007. These ICR Settlement Class members have potentially valid claims for individual-contempt relief for potential lost pay after May 29, 2001, arising from defendants' alleged failure to implement timely the reclassification that Article 15 of the consent decree required.

The intervenors and the defendants agreed that the foregoing payments shall not be considered in calculating retirement benefits for employees under the State Retirement System. They also agreed that the members of the ICR Settlement Class shall be responsible for payment of all taxes and fees payable

as a result of the receipt of the funds.

In exchange for the foregoing payments, the intervenors release all further claims, demands, causes of action, or requests for any further relief of any kind in the Reynolds litigation, including any request for contempt relief. The intervenors and the defendants further agreed that the clerk of the court shall pay $ 150,000.00 to the intervenors' counsel from the court registry fine fund for all remaining attorney's fees and expenses of the intervenors.

## II. DISCUSSION

Judicial policy favors settlement. There is an overriding public interest in favor of settlement, particularly in complex, lengthy litigation such as this case. See, e.g., Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).[1] A class-action settlement should

---

1. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth

5

be approved so long as it is "fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). In determining whether a settlement is fair, adequate, and reasonable, the court must consider all relevant factors, including (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the state of proceedings when the settlement was achieved. Id. The court should not attempt to try the case on the merits, but should rely on the judgment of experienced counsel and should be hesitant to substitute its own judgment for that of counsel. Cotton, 559 F.2d at 1330.

---

Circuit handed down prior to the close of business on September 30, 1981).

## A. Class Certification: Fed.R.Civ.P. 23(a) & (b)(2)

The court previously granted provisional certification of a settlement class. Having considered the parties' post-settlement submissions on this topic, the court now concludes that final certification of this the ICR Settlement Class is appropriate.

In order for any certification motion to succeed, the proponents of class treatment must establish that the requirements of Federal Rule of Civil Procedure 23(a) are met. In addition, a class must fit within one of the types of classes described in Federal Rule of Civil Procedure 23(b). Here, the parties seek certification of a Rule 23(b)(2) class. This type of class encompasses situations in which the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief is appropriate respecting the class as a whole. See Fed. R. Civ. P. 23(b)(2). These

7

requirements apply to uncontested certification of a class for purposes of settlement only. Austin v. Hopper, 15 F. Supp. 2d 1210, 1224 (M.D. Ala. 1998) (Thompson, J.).

The court notes that, in evaluating the request for final approval of class certification in this case, it has had the benefit of many years of motions practice related to the issues involved in the intervenors' individual-contempt claims. Although the defendants no longer contest certification for purposes of and in light of the settlement, the court has independently assured itself that class certification is appropriate here.

Rule 23(a) requires a finding that a proposed class satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. Rule 23(a)(1)'s requirement of numerosity is satisfied here because the usual method of combining similar claims--joinder--is impracticable. The members of the

ICR Settlement Class number 213, which is more than sufficient to satisfy this requirement. See, e.g., Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). Rule 23(a)(2) requires that there be questions of law or fact common to the class. Where, as here, the claims depend upon a common contention with a capacity for common answers, this requirement is met. See, e.g., Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Rule 23(a)(3)'s requirement of typicality asks whether the class representative's claims arise from the same event or pattern or practice and are based on the same legal theory as those of the putative class members. See, e.g., Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1357 (11th Cir. 2009). This requirement is easily met here in that all of the ICR Settlement Class's claims arise out of the defendants' failure to reclassify them timely under Article 15. Rule 23(a)(4) requires the court to find that the representative parties will fairly and

adequately protect the interests of the class. This analysis delves into whether conflicts of interest exist between representatives and the class and whether the representatives will adequately prosecute the action. See, e.g., Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003). Litigants seeking certification "must show that their interests are not antagonistic to those of the putative class members and that their chosen attorneys are qualified, experienced, and generally able to conduct the litigation." In re HealthSouth Corp. Sec. Litig., 257 F.R.D. 260, 275 (N.D. Ala. 2009) (Bowdre, K.). The court is satisfied that the named class representative, Ronnie L. Richardson, and the members of the class do not have antagonistic interests. Richardson appears to have been denied timely reclassification during the relevant period, remained employed with ALDOT throughout the relevant period, and is now retired. Furthermore, as explained in the discussion of the

objections below, the court sees no evidence of a conflict of interest with members of the settlement class: there have been were only two objections to the proposed settlement from class members, neither of which raised a significant concern about the fairness of the settlement. Finally, class counsel is experienced and qualified to represent the class. Thus, the court finds a sufficient basis for class treatment here with respect to all requirements of Rule 23(a).

The requirements of Rule 23(b)(2) are also met. The issues involved in these claims "apply generally to the class," such that "relief is appropriate respecting the class as a whole." Specifically, the persons identified as members of the ICR Settlement Class were all identified as due to be reclassified based on their duties, and the defendants could not effectuate that reclassification by the deadline imposed in the consent decree. To the extent that these persons were not

reclassified, they may be entitled to equitable relief in the form of back pay.  Rule 23(b)(2) contemplates class cases seeking equitable injunctive or declaratory relief, but monetary relief does not conflict with the limitations of the rule when it is not in the nature of a claim for damages, but rather is in the nature of an equitable remedy, to be determined through the exercise of the court's discretion.  <u>See</u> 7AA <u>Fed. Prac. & Proc. Civ</u>. § 1775 (3d ed.) ("Monetary relief that may be deemed equitable in nature or ancillary to the declaratory relief may be allowed, however.")  The court finds that the remaining 213 non-black members of the ICR Settlement Class seek "make whole" equitable remedies appropriate for relief under Rule 23(b)(2).

B.  Settlement Approval Pursuant to Rule 23(e)

As part of its review of a settlement agreement in a class-action context, the court must carefully inspect the proposal to ensure it provides adequate

12

representation of class members who did not participate in shaping the settlement. See Fed. R. Civ. P. 23(e) advisory committee note. In the course of this evaluative process, the court must determine whether notice to the class was adequate and must consider the comments made and objections raised by class members, as well as the opinions of class counsel.

The court has considered the actions taken to provide notice of the settlement agreement and the process for objecting to it. The court's order preliminarily approving the settlement agreement contained specific procedures relating to notice to members of the provisionally certified class. The court also reviewed and approved the proposed notice forms. The court is satisfied that the parties provided notice not only to the 213 members of the provisionally certified class, but also to every one of ALDOT's current employees. The notice materials provided clear instructions for those wishing to

13

comment, question, or object. Counsel for the intervenors made information available on a website as well.

Counsel for the intervenors reported on delivery of the notice once it was complete and on his telephone and email contact with various persons after the notice went out. He provided the court with copies of the written comments he received whether they were from members of the ICR Settlement Class or not. The intervenors and the defendants jointly reported on and responded to the objections received.

On May 12, 2017, the court convened a previously scheduled and announced fairness hearing on the proposed settlement. At this hearing, the court heard from counsel for the ICR Settlement Class and counsel for the defendants, who both advocated in favor of the proposed settlement. Counsel for the plaintiffs was given an opportunity to address the court, and he did not voice any opposition or objection to the

settlement.

The court heard from one member of the proposed settlement class, Behan Taheri, at the hearing. Taheri objected to the amount of the settlement on the basis that he had experienced discrimination at ALDOT on the basis of national origin from 1984 until 2001 and that the proposed settlement would be insufficient to compensate for the amount he was underpaid during that time.[2] Taheri's objections do not present an appropriate basis on which the court could or should reject the proposed settlement. His discrimination claims have never been properly raised in this action and are not properly before the court as a basis for any request for relief. The discrimination claims he makes are unlike the claims brought by the intervenors in the lawsuit and are unrelated to the contempt claims being settled in the proposed settlement agreement.

---

2. Taheri, who identified himself as white on his ALDOT employment application, had received approximately $ 9,000 as part of the settlement of the intervenors' contempt claims in 2001.

While he did not appear at the fairness hearing, the court also considered the written objection Philip Morgan made to the settlement. Morgan objected to the settlement as insufficient to compensate for his alleged past denial of advancement at ALDOT. Confusingly, he also claimed to be currently experiencing discrimination on the basis of his race, although he has not worked at ALDOT for many years. Morgan was employed by ALDOT for less than nine months after the May 29, 2001, fairness hearing and resigned his position on February 20, 2002. At most, Mr. Morgan has a claim for a delayed reclassification between May 29, 2001, and his resignation date. The court finds that the proposed settlement amount is adequate to compensate him for any injury due to delayed reclassification during that time frame.

Class counsel convincingly argued that the settlement agreement is a fair, adequate, and reasonable resolution to the remaining contempt claims

of the intervenors.  This settlement will save the 213 intervenors and the defendants the difficulty and expense of litigating 213 claims of individual entitlement to relief.  Significant legal disputes that could have a significant bearing on the amount of contempt relief remain to be decided, and this settlement would eliminate for both sides the risks of an adverse ruling.

In addition, the court finds that the proposed attorneys' fee award of $ 150,000.00 for Honorable Raymond Fitzpatrick, Jr., the intervenors' counsel, is appropriate.  Applying the standards set forth in <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988), the court finds that a lodestar hourly rate of $ 350.00 per hour is fair and reasonable for an attorney of Fitzpatrick's skill, experience, and reputation and considering the difficulty of the issues he addressed in this litigation, the results obtained, and the relative

undesirability of the work. Fitzpatrick attests that he spent 1,150 hours of work on this phase of the case, which would amount to a fee of over $ 400,000.00 at the $ 350.00 hourly rate. Particularly in light of this substantial reduction, the compromised fee of $ 150,000.00 is fair and reasonable.

An appropriate judgment will be entered.

DONE, this the 7th day of June, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE