IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY REYNOLDS, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:85cv665-MHT |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**JUDGMENT**

In accordance with the opinion entered today, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) All objections to the proposed settlement agreement are overruled.

(2) The joint motion for entry of final approval order, final certification of settlement class, and approval of plan of allocation (doc. no. 9208) is granted.

(3) The court approves the settlement embodied in

the settlement agreement (doc. no. 9191-2) as being a fair, reasonable, and adequate settlement and compromise of this action; adopts and approves the settlement agreement as its judgment; and orders that the settlement agreement shall be immediately effective, binding, and enforced according to its terms and conditions.

(4) Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), a mandatory injunctive-relief settlement class, defined as follows, is finally certified:

> The remaining 213 non-black members are those individual intervenors with remaining Article 15 claims identified in document number 9087-4: that is, the intervenor-contempt-relief settlement class (ICR Settlement Class). More specifically, they are the individual intervenors who:
>
> (a) Defendants identified as entitled to reclassification based on April 1994 duties (see exhibit nos. DX2184 and DX2188 from January 1998 hearing; see also doc no. 8843, n.3);
>
> (b) were employed by ALDOT after the May 29, 2001, fairness hearing;

(c) currently are employed by ALDOT or were employed by ALDOT before 2007;

(d) have been identified as having potentially valid claims for individual-contempt relief for potential lost pay occurring after May 29, 2001, arising from defendants' alleged failure to implement in a timely manner the reclassifications required by Article 15 of the 1994 Consent Decree; and

(e) were not in a higher classification than their proposed reclassification position as of May 29, 2001. Individual-intervenor class members meeting such criteria are listed on Doc. no. 9087-4.

(5) Honorable Raymond Fitzpatrick, Jr. has been appointed and served as class counsel to represent the ICR Settlement Class under Federal Rule of Civil Procedure 23(g). Within 30 days of the entry of this judgment, the clerk of the court shall release $ 150,000.00 from the court registry fine fund to Attorney Fitzpatrick, as complete and just compensation to him for attorney's fees and expenses for the ICR Settlement Class.

(6) The parties have retained and consulted with

Class Action Administration and secured its services to facilitate the payment of the funds under the settlement agreement to the 213 members of the ICR Settlement Class. Within 90 days of the entry of this judgment, the clerk of the court shall release $ 213,000.00 from the court registry fine fund to Class Action Administration for immediate payment to the members of the ICR Settlement Class.

(7) Upon the expiration of 100 days from this date, the court will enter a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to all claims of the intervenors in this action. Entry of a partial final judgment is appropriate in the circumstances of this case, and there is no just reason for delay. Upon entry of the partial final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk of the court will terminate all intervenors as parties to this action and will terminate Attorney Fitzpatrick's appearance as counsel of record for the

intervenors.

(8) The recommendation of the special master (doc. no. 9179) on the intervenors' second motion for partial summary judgment is withdrawn as moot.

(9) The intervenors' second motion for partial summary judgment on the intervenors' remedial-contempt claims relating to Article 15 reclassification issues (doc. no. 9086) is denied as moot.

DONE, this the 7th day of June, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**